**HEINEMAN v. UNITED STATES.**

No. K–262.

Court of Claims.

Oct. 20, 1931.

Thomas G. Haight, of Jersey City, N. J. (Robert H. Montgomery and J. Marvin Haynes, both of Washington, D. C., on the brief), for plaintiff.

Charles B. Rugg, Asst. Atty. Gen. (Charles R. Pollard, Ottamar Hamele, and Isadore Graff, all of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff seeks to recover $82,634.09, an alleged overpayment of his income taxes for the year 1923, with interest thereon from date of payment.

The challenged taxes were imposed under authority of the Revenue Act of 1921 (42 Stat. 227), as amended by the act of March 4, 1923 (42 Stat. 1560).

The facts, about which there is no controversy between the parties briefly stated, are:

The plaintiff, on January 8, 1912, acquired all the capital stock of the Oscar Heineman Silk Company, an Illinois corporation, consisting of 5,000 shares of common stock of a par value of $100 each. The fair market value of the said 5,000 shares of stock was, at March 1, 1913, $493,511.27.

On December 30, 1922, the Oscar Heineman Silk Company was reorganized. A new corporation, the Oscar Heineman Corporation, was formed under the laws of the state of Illinois. The new corporation, on December 30, 1922, acquired from the plaintiff all of the capital stock of the Oscar Heineman Silk Company, and gave the plaintiff in exchange therefor the following of its securities: 20,000 shares preferred stock, 45,000 shares class A common stock of no par value, and 5 per cent. debenture bonds of the face value of $1,000,000. The new securities received by the plaintiff all had a readily realizable market value on December 30, 1922. The $1,000,000 face value 5 per cent. debenture bonds had on that date a readily realizable market value of $99 per share, or $990,000, and could have been sold for that amount.

On February 28, 1923, the plaintiff exchanged the $1,000,000 face value 5 per cent. debenture bonds for certain state and municipal bonds having a readily realizable market value on that date of $990,000. The proportion of the fair market value at March 1, 1913, of the 5,000 shares of the old Oscar Heineman Silk Company apportioned to and applicable to the $1,000,000 face value 5 per cent. debenture bonds of the new corporation was $121,709.17.

In determining the plaintiff's tax liability for the calendar year 1923, the Commissioner of Internal Revenue treated the difference between $990,000 (the fair market value of the debenture bonds on February 28, 1923) and $121,709.17 (the fair market value at March 1, 1913, of the proportionate part of the stock in the old company exchanged for the debenture bonds), or $868,290.83, as a taxable gain realized in the year 1923, on which asserted gain the plaintiff paid an income tax of $82,634.09.

The applicable provisions of the Revenue Act of 1921 (42 Stat. 229) read as follows:

"Sec. 202. (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; except that— * * *

"(c) For the purposes of this title, on an exchange of property, real, personal or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized—

"(1) When any such property held for investment, or for productive use in trade or business (not including stock-in-trade, or other property held primarily for sale), is exchanged for property of a like kind or use;

"(2) When in the reorganization of one or more corporations a person receives in place of any stock or securities owned by him, stock or securities in a corporation a party to or resulting from such reorganization. * * *

"(d) (1) Where property is exchanged for other property and no gain or loss is recognized under the provisions of subdivision (c), the property received shall, for the purposes of this section, be treated as taking the place of the property exchanged therefor, except as provided in subdivision (e)."

Section 202 (c) (1) of the Revenue Act of 1921 as amended (Act of March 4, 1923, 42 Stat. 1560) reads as follows: "(1) When any such property held for investment, or for productive use in trade or business (not including stock-in-trade or other property held primarily for sale, and in the case of property held for investment not including stock, bonds, notes, choses in action, certificates of trust or beneficial interest, or other securities or evidences of indebtedness or interest), is exchanged for property of a like kind or use."

Under the provisions of the Revenue Act of 1921, no taxable gain was realized by plaintiff on account of the exchange of stock and securities on December 30, 1922, as that transaction resulted from a reorganization of the Oscar Heineman Silk Company. Section 202 (c) (2).

No gain was recognized from the transfer of the debenture bonds for the state and municipal bonds, February 28, 1923, as that was an exchange of property of a like kind held for investment, or for productive use in trade or business. Section 202 (c) (1).

Under the amendatory act of March 4, 1923, the profit on exchanges of property similar to that made by plaintiff February 28, 1923, was recognized as taxable gain.

The act was made retroactive to January 1, 1923. Under this retroactive provision the Commissioner of Internal Revenue held that a taxable gain of $868,290.83 was realized by the plaintiff from the exchange, on February 28, 1923, of the debenture bonds for state and municipal bonds.

The plaintiff contends:

(1) That section 202 (c) (1) of the Revenue Act of 1921, as amended March 4, 1923, is unconstitutional because it fixes an arbitrary and capricious date as to when it shall become retroactively effective, resulting in an unjust discrimination between taxpayers similarly situated.

It is urged that all taxpayers who made exchanges of property, similar to the one made by plaintiff in this case, between the effective date of the 1921 Revenue Act and March 4, 1923, the date of the amendatory act, constitute a class of taxpayers, all of whom are similarly situated; that they are all nontaxable, by the express provisions of the 1921 act; and that the fixing by Congress, retroactively, of a date whereby a part of that class of taxpayers are made taxable while a part of the same class remain nontaxable, unjustly discriminates between taxpayers similarly situated, and is in contravention of the prohibition of the Fifth Amendment against taking property without due process of law.

The plaintiff says in his brief: "Probably Congress could constitutionally have made the amendment effective as of the effective date of the 1921 act, because in that case all persons who had acted on the strength of that act would be similarly treated; but it did not do so. It took certain taxpayers situated exactly the same as others and made 'fish of one and fowl of the other,' without any reasonable or just basis for the distinction."

Again it is said: "Yet because plaintiff falls on one side of the arbitrarily fixed date of January 1, 1923, his profit is made taxable (when at the time the exchange was made it was not taxable) and the profits of others whose exchanges were made on the other side of this arbitrary date are not made taxable. * * * The classification of the profits thus taxable and nontaxable, respectively (fixed only by the arbitrary date of January 1, 1923), does not rest upon any difference which bears a reasonable and just relation to the classification."

The plaintiff does not challenge the constitutional power of Congress to make a taxing statute effective retroactively, but insists that power was arbitrarily and capriciously exercised in the amendatory act of March 4, 1923, by fixing a date which resulted in unjust discrimination between taxpayers similarly situated who are entitled to like treatment.

We are of the opinion the plaintiff's contention on this point cannot be sustained. If the amendatory act was to be retroactive in its scope, some date, necessarily, had to be fixed from which it would become effective. Whatever date was fixed would be an arbitrary one, in the sense that profits on exchanges made subsequent to such date would be made taxable, while profits on similar exchanges made prior to that date would remain nontaxable. When a new tax is retroactively imposed there is no way to avoid the result about which plaintiff complains, certain persons who were nontaxable under the law as it stood before still remain nontaxable, while others, who were likewise nontaxable under the law as it stood, are made taxable. This result inevitably follows the retroactive imposition of a tax.

Conceding the power of Congress to declare that a taxing statute shall operate retroactively, we think it has the power, as

defendant's counsel well say, "to declare the period for which it shall operate." The amendatory act of March 4, 1923, retroactively fixes January 1, 1923, as the effective date of the act. After that date profits arising on all exchanges of property similar to the one involved in this case is recognized as taxable gain.

The act is general in its application. All taxpayers who make gains on exchanges of property, similar to that made by the plaintiff, during the calendar year 1923, are placed on the same footing. They are all required to pay taxes on such gains. No discrimination is made between taxpayers similarly situated. The fact that taxpayers making profits on similar exchanges in the years 1921 and 1922 are not taxed on such profits is immaterial, and does not render the act repugnant to the due-process clause of the Fifth Amendment. Under the law and the rule in effect in those years such profits are not exempted from tax but deferred until the property received in exchange is sold.

▮ (2) The plaintiff contends the tax in dispute is invalid, because the profit on which it is based was realized by the plaintiff in the year 1922 and not in the year 1923; that it is, therefore, a tax on capital, and not a tax on income.

It is urged the profit on which the tax is imposed was realized on December 30, 1922, on the exchange of the stock of the Oscar Heineman Silk Company for the stock and debenture bonds of the Oscar Heineman Corporation; that since the debenture bonds received by plaintiff had on that date a readily realizable market value of $990,000, and had the same readily realizable market value on February 28, 1923, when they were exchanged by plaintiff for state and municipal bonds of like value, the plaintiff did not realize a profit from such exchange. In other words, the plaintiff says the debenture bonds exchanged on February 28, 1923, had a cost value to him of $990,000, and since that is the exact value of the state and municipal bonds received he did not realize a profit from the exchange, and therefore there was no 1923 income to tax.

The plaintiff's position on this point is disposed of by the provisions of section 202 (d) (1) of the 1921 Revenue Act (42 Stat. 230): "Where property is exchanged for other property and no gain or loss is recognized under the provisions of subdivision (c), the property received shall, for the purposes of this section, be treated as taking the place of the property exchanged therefor. * * *"

Under section 202 (c) (2) no gain or loss was recognized on the exchange of December 30, 1922, wherein the plaintiff acquired the debenture bonds, that transaction resulting from the reorganization of the old Oscar Heineman Silk Company. Therefore the debenture bonds must be treated as merely taking the place of the proportionate part of the stock of the old corporation exchanged for them. Their cost value to the plaintiff was the March 1, 1913, value of the stock of the Oscar Heineman Silk Company applicable to them, or $121,709.17. The Commissioner of Internal Revenue correctly used this figure as the cost of the said bonds to the plaintiff as a basis for determining the taxable gain realized on their exchange for state and municipal bonds on February 28, 1923.

In Newman, Saunders & Co. v. United States, 36 F.(2d) 1009, 1011, 68 Ct. Cl. 641, this court passed upon the constitutionality of section 204 (a) (8) of the Revenue Act of 1924 (26 USCA § 935 (a) (8), which provides that no gain or loss shall be recognized, if property is transferred to a corporation, in exchange for stock or securities in such corporation, and immediately after the exchange the transferor is in control of the corporation. On July 1, 1922, a partnership transferred its property to a corporation in exchange for the securities of the corporation. The members of the partnership were immediately in control of the corporation. The property transferred cost the partnership $191,309.33. The fair market value of the stock of the corporation issued in exchange for the property of the partnership was on the day of the exchange $288,140.00. In 1924 the corporation sold the property acquired from the partnership for $408,393.45. It was contended by the Commissioner of Internal Revenue that the gain to the corporation was the difference between the original cost of the property to the partnership and its sale price in 1924. The taxpayer contended the taxable gain was the difference between the sale price in 1924 and the fair market value of the stock when issued to the partnership for its property July 1, 1922. After citing United States v. Phellis, 257 U. S. 156, 42 S. Ct. 63, 66 L. Ed. 180; Taft v. Bowers, 278 U. S. 470, 49 S. Ct. 199, 73 L. Ed. 460, 64 A. L. R. 362, the court said: "Following the rule laid down in the cases above cited, we hold that the tax involved was not a tax upon capital, but a deferred tax upon prof-

its, and one which was within the power of Congress to levy. * * * The Commissioner did not take as the basis for computing gain the value of the stock at the time of the exchange, and his action was correct under the rule hereinabove laid down. * * * We do not think that this ignores the corporate entity. It merely recognizes the fact that in making the exchange the original transferor had simply received another instrument which evidenced the same or at least a corresponding right to the same property. Here again we find there is nothing unconstitutional in the statute. * * * The rule is simply that in such cases the original transferor does not pay any tax on the gain, which has accrued while he held the property, but the tax is deferred to be paid by the corporation receiving the property."

The identical principle is involved in the instant case as in the case cited. As hereinbefore pointed out, under the provisions of section 202 (c) (2), no gain was recognized with reference to the exchange, December 30, 1922, of stock of the Oscar Heineman Silk Company for the debenture bonds of the Oscar Heineman Corporation and there was and could be no tax upon it. The plaintiff at the time this exchange of securities was made was charged with notice that the securities he received were simply taking the place of those exchanged therefor. It was as though no such transaction had taken place, and when later the plaintiff, on February 28, 1923, exchanged the debenture bonds for the state and municipal bonds, a gain was realized subject to tax under section 202 (c) (1) of the Revenue Act of 1921 as amended, retroactively, by the act of March 4, 1923.

We hold, therefore, that the tax in question was not a tax on capital, but a tax upon profits realized by the plaintiff during the taxable year 1923.

The plaintiff's petition is dismissed. It is so ordered.