**T. W. PHILLIPS, Jr., Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 4872.**

Circuit Court of Appeals, Third Circuit.
Jan. 26, 1933.

Bernhard Knollenberg, of New York City (Lord, Day & Lord, of New York City, of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Norman D. Keller, of Washington, D. C., and J. Louis Monarch, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and S. B. Anderson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge.

On February 9, 1925, T. W. Phillips, Jr., transferred to T. W. Phillips, Jr., Incorporated, about $1,000,000 worth of securities, at prices then current, in return for all of its shares of stock of equal value. Thus Phillips came into "control" of the corporation. No other consideration was involved, no gain was recognized in the transaction and no taxable profit or income was ever reported by Phillips. In 1925, 1926 and 1927 the corporation sold all of these securities at profits of which it made returns for the stated tax years based on the difference between cost to itself (the sum for which it exchanged its shares) and the sale prices. All of these securities had been purchased by Phillips after March 1, 1913, and prior to February 9, 1925. The Commissioner of Internal Revenue, by force of section 204 of the Revenue Act of 1926 (26 USCA § 935), found deficiencies and imposed additional taxes by computing the corporation's profits on the lower cost to Phillips, the transferor, and the corporation's sale prices.

The United States Board of Tax Appeals on a petition for redetermination sustained the Commissioner's determination of additional taxes. 23 B. T. A. 1271. The corporation taxpayer then filed in this court a petition for review, alleging that the taxes in question were unlawfully assessed because section 204 (a) (8) of the Revenue Act of 1926 (44 Stat. c. 27, 26 USCA § 935 (a) (8), under which the Commissioner acted, is unconstitutional, being in contravention of article 1, § 9, paragraph 4 of the Constitution and of its Fourteenth and Sixteenth Amendments, which when read together raise the question as stated by the petitioner:

"Whether the Congress has constitutional power to impose an income tax on an amount in excess of the gain and income realized by a corporation from a sale of property, by requiring the corporation to compute its taxable profit from the sale on a cost basis which is less than the amount which the corporation itself has paid for the property?"

102

What the Congress did to provoke this question was to write into the Revenue Act of 1926 provisions (quoted for convenience only as they bear on gains) as follows:

"Section 204 (a). The basis for determining the gain or loss from the sale * * * of property acquired after February 28, 1913, shall be the cost of such property; except that— * * *

"(8) If the property * * * was acquired after December 31, 1920, by a corporation by the issuance of its stock * * * in connection with a transaction described in paragraph (4) of subdivision (b) of section 934 [203] * * * then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain * * * recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made."

"Section 203 (b) (4). No gain * * * shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation. * * *"

"(i) As used in this section the term 'control' means the ownership of at least 80 per centum of the voting stock. * * *" 26 US CA § 934 (b) (4), (i), and § 935 (a) (8).

Stated bluntly, these provisions as applied to this case mean that when a man (in effect) incorporates himself, that is, when he transfers his securities from his personal self to his self-created corporation in exchange, as here, for all of its shares, and thereby acquires "control" over the corporation and, in consequence, over the disposition of his securities so transferred, and profits result from their sale, taxes thereon shall be computed in the light of what they really are, that is, profits from securities with a changed ownership but a retained control. The theory is that, if at the time of transfer of the securities there was a potential profit to the personal holder, taxes on which he escaped paying because the transfer was for shares instead of money, that profit shall be included in or added to a later profit arising in the hands of the corporation, and as the transferor has either owned the securities or controlled their disposition all the while, the profits resulting during the periods of personal ownership and control shall be reckoned as the difference between the sale price to the transferee corporation and cost to the personal transferor.

The petitioner takes the directly opposite position that it alone is the taxpayer; that as such its corporate entity cannot be disregarded or enlarged; that the securities it acquired in exchange for its stock were capital to the last dollar of their agreed value; that against no part of its capital so acquired and so measured can an income tax be lawfully levied and collected; that even if the capital so acquired include or reflect profits to the transferor, they cannot be assessed against and collected from the transferee, for that would be to tax one person for the income of another; and that, accordingly, the only profits lawfully to be taxed in this case are the difference between the capital cost of the securities to the petitioner and their sale price, relying upon Doyle v. Mitchell Bros. Co., 247 U. S. 179, 183, 184, 185, 38 S. Ct. 467, 62 L. Ed. 1054; Burnet v. Thompson Oil & Gas Co., 283 U. S. 301, 306, 307, 51 S. Ct. 418, 75 L. Ed. 1049; Edwards v. Cuba Railway Co., 268 U. S. 628, 633, 45 S. Ct. 614, 69 L. Ed. 1124; Marr v. United States, 268 U. S. 536, 45 S. Ct. 575, 69 L. Ed. 1079; Cullinan v. Walker, 262 U. S. 134, 43 S. Ct. 495, 67 L. Ed. 906; Hoeper v. Tax Commissioner, 284 U. S. 206, 52 S. Ct. 120, 76 L. Ed. 248; and finally maintaining that any other position would involve double taxation.

We shall pass by any question of double taxation—taxation against the corporation on its profits from the sale of the transferred securities as though "in the hands of the transferor" and against Phillips, the transferor, should he sell his shares of the corporation reflecting his gain. Taxation against the corporation for profits earned during both Phillips' ownership and the corporation's ownership of the securities was a "consequence with notice of which the company was charged and which it could escape." Perthur Holding Corporation v. Commissioner (C. C. A.) 61 F.(2d) 785, 786. Taxation on the sale of shares in the corporation which Phillips holds may or may not be assessed against him and, accordingly, involves uncertainties not presently controlling. Phillips may not sell the shares or, selling them, they may or may not include the profits in question according as the corporation has in the meantime held them or lost them. Moreover, as to double taxation, when, though seemingly unfair, the purpose is plain, courts will not interfere. Cream of Wheat Co. v. Grand Forks County, 253 U. S. 325, 329, 330, 40 S. Ct. 558, 64 L. Ed. 931; Hellmich v. Hellman, 276 U. S. 233, 237, 238, 48 S. Ct. 244, 72 L. Ed. 544, 56 A. L. R. 379. Anyhow, double taxation—once against Phillips and once against the Phillips corporation—does

not occur until taxes against both have been imposed, when the grievance will be that of Phillips, not of the corporation.

Section 204 (a) (8) of the Revenue Act of 1926 is identical with a section similarly numbered in the Revenue Act of 1924. Both were parts of a well-conceived scheme of taxation enacted for the double purpose of encouraging business by permitting the transfer of property of one sort for property of another sort without taxation where no profit was presently realized yet preventing a gain from escaping taxation when, later, it has actually been realized by sale.

In approaching the question of the constitutionality of the section, the court is guided by the presumption of the validity of an act of Congress, Union Pacific R. Co. v. United States, 99 U. S. 700, 718, 25 L. Ed. 496; Buttfield v. Stranahan, 192 U. S. 470, 492, 24 S. Ct. 349, 48 L. Ed. 525; and particularly of the validity of a revenue act. Nicol v. Ames, 173 U. S. 509, 514, 515, 19 S. Ct. 522, 43 L. Ed. 786. Moreover, this court in the present case is aided by the discussions and decisions in Newman, Saunders & Co. v. United States (Ct. Cl.) 36 F.(2d) 1009; Id., 281 U. S. 760, 50 S. Ct. 460, 74 L. Ed. 1169; and Osburn California Corporation v. Welch (C. C. A.) 39 F.(2d) 41; Id., 282 U. S. 850, 51 S. Ct. 28, 75 L. Ed. 753, directly holding the provision constitutional.

On facts similar to these in the instant case, the decision in the Newman, Saunders & Co. Case, holding that the taxation was not of capital and that the proper basis for its calculation was the same as it would be in the hands of the original transferor, rested upon the law in United States v. Phellis, 257 U. S. 156, 171, 42 S. Ct. 63, 66 L. Ed. 180, and upon the reasoning in Taft v. Bowers, 278 U. S. 470, 49 S. Ct. 199, 73 L. Ed. 460, 64 A. L. R. 362. The court in the Osburn California Corporation Case, accepting the reasoning in the Newman, Saunders & Co. Case, grounded its decision on that case. The petitioner, however, says these decisions, on which the Tax Board based its judgment, are unsound and should not be followed. They were, nevertheless, based on the Phellis Case which, if applicable, is controlling, and upon Taft v. Bowers, which, of course, the petitioner does not challenge yet says is inapplicable. The decision in Taft v. Bowers, on facts sufficiently analogous to make it apposite, sustained the constitutionality of the gift tax, section 202 (2), Revenue Act of 1921, 42 Stat. 227, 229, the basis of which,

according to the act, was the same as that which it would be in the hands of the donor, that is, taxable profit on a gift was the difference between cost to the donor and sale price to the donee. There it was contended by the taxpayer that the gift, like the transferred securities in this case, became a capital asset when received; therefore when the property was sold by the recipient no part of its capital value could be treated as taxable income in his hands. That contention, the court rejected. Being of opinion that Taft v. Bowers rules the instant case, we shall not repeat its reasoning. The petitioner, also recognizing the authoritative character of that decision, meets it by an endeavor to distinguish its facts from those of this case in that the taxpayer, the donee in Taft v. Bowers, had paid nothing for the property sold and that in case of gift the court might have taken the view that the donee is merely substituted for the donor because the latter is free from any tax on a gain which accrued while he held the property. We have not been persuaded that these matters distinguish the law of Taft v. Bowers from that of the instant case or from that of the Newman, Saunders & Co. Case. Therefore on these authorities the order of the United States Board of Tax Appeals is affirmed.