**FARIS v. HELVERING, Commissioner of Internal Revenue.**
**No. 7129.**

Circuit Court of Appeals, Ninth Circuit.
June 4, 1934.

Thomas R. Dempsey and A. Calder Mackay, both of Los Angeles, Cal. (Clark J. Milliron and George H. P. Shaw, both of Los

1

Angeles, Cal., and Edw. S. Brashears, of Washington, D. C., of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and John G. Remey, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR and SAWTELLE, Circuit Judges, and NORCROSS, District Judge.

WILBUR, Circuit Judge.

The petitioner seeks a review of the decision of the Board of Tax Appeals affirming the determination by the Commissioner of Internal Revenue of his income taxes for the years 1923 and 1924, claiming that an item of $100,000 determined by the Commissioner to be income for 1923 was in fact a distribution of capital, and that an item of $539,706.06 profit on the sale in 1924 of the petitioner's stock in Faris-Walker, a corporation, should be eliminated.

With reference to the claim that $100,000 paid to the petitioner by Faris-Walker, a corporation, was capital, the Commissioner in his deficiency letter stated his reasons for treating the payment as a dividend from profits as follows: "In view of the fact that the corporation's books show an earned surplus (accumulated during 1922 and 1923) of more than $700,000 at the time the distribution was made, it is clear that the $200,000 distributed should have been treated as a dividend from profits accumulated subsequent to February 28, 1913, and that said distribution was subject to tax, and that your share should have been included in your income tax return for 1923, the year in which distribution was made."

This finding of the Commissioner is presumed to be correct unless overcome by evidence. Fesler v. Commissioner (C. C. A.) 38 F.(2d) 155; Burnet v. Houston, 283 U. S. 223, 51 S. Ct. 413, 75 L. Ed. 991. The only evidence offered to overcome this presumption was the fact that application was made to the state commissioner of corporations for permission to distribute $200,000 of its capital assets. It is contended that the distribution made in pursuance of that authorization must be presumed to be a part of its capital assets and not its earned income. Neither the action of the state commissioner of corporations nor of the corporation is decisive of the matter, which is controlled by the Revenue Laws of the United States. Osburn California Corporation v. Welch (C. C. A.) 39 F.(2d) 41; Angelus Bldg. & Inv. Co. v. Commissioner (C. C. A.) 57 F.(2d) 130;

Weiss v. Wiener, 279 U. S. 333, 49 S. Ct. 337, 73 L. Ed. 720; Burnet v. Harmel, 287 U. S. 103, 110, 53 S. Ct. 74, 77 L. Ed. 199.

Section 201 (a) and (b) of the Revenue Act of 1921, c. 136, 42 Stat. 227, 228, under which the tax involved was computed, provides as follows:

"That the term 'dividend' when used in this title * * * means any distribution made by a corporation to its shareholders or members, whether in cash or in other property, out of its earnings or profits accumulated since February 28, 1913. * * *

"For the purposes of this Act every distribution is made out of earnings or profits, and from the most recently accumulated earnings or profits, to the extent of such earnings or profits accumulated since February 28, 1913. * * * "

Under this section (section 201 (a) and (b) ), if the corporation had on hand any undistributed earnings or profits accumulated since February 28, 1913, the payment of $100,000 to the petitioner by the corporation must be deemed to be made therefrom. See Lincoln National Bank v. Burnet, 61 App. D. C. 54, 63 F.(2d) 131; Hadley v. Commissioner, 59 App. D. C. 139, 36 F.(2d) 543; Christopher v. Burnet, 60 App. D. C. 365, 55 F.(2d) 527; Helvering v. Canfield (Thorsen v. Helvering), 291 U. S. 163, 54 S. Ct. 368, 78 L. Ed. 706. The Commissioner found that there were such profits and that the distribution was of such profits. The petitioner offered no evidence to the contrary, and the Board of Tax Appeals therefore properly affirmed the action of the Commissioner holding that the payment of $100,000 to the petitioner by the corporation was a taxable dividend.

The next question for consideration is the item of profits derived by petitioner from the sale of $1,500,000 of his stock in the corporation. The corporation was formed January 3, 1922, by the petitioner and his partner Walker to take over the business of the copartnership, and it issued all its stock (20,000 shares of the par value of $100 per share) to the copartners, one-half to each, in payment for the copartnership business which was transferred to it by the copartnership. Petitioner sold his stock in 1924 for $1,500,000. He claims that he made no profit from the sale, but a loss as the market value of the partnership interest transferred to the corporation was $1,700,000. The Commissioner claims that the profit of the petitioner from this sale was $1,037,618.02, being the difference between the cost to him of the partnership interest transferred to the corpora-

tion for the stock and the amount for which the stock was sold. It is conceded that the transfer of the partnership property to the corporation for all its stock was nontaxable under the provision of section 203 (a), (b) (4) of the Revenue Act of 1924, 43 Stat. 253, c. 234, 26 USCA § 934 (a), (b) (4), which is as follows:

"Sec. 203. (a) Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 202 [section 933 of this title], shall be recognized, except as hereinafter provided in this section.

"(b) (4) No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange."

The tax was levied by the Commissioner under section 204 (a) (6), of the Revenue Act of 1924, 26 USCA § 935 (a) (6), but the petitioner claims that this section does not apply, and that the usual rule of taxing profit should apply; namely, that the taxable profit is the difference between the sale price of the stock and the cost to the seller of the stock. Paragraph (6) of section 204 is as follows: "(6) If the property was acquired upon an exchange described in subdivision (b) * * * of section 203 [section 934], the basis shall be the same as in the case of the property exchanged. * * *"

This part of paragraph (6) clearly provides that, in view of the nontaxable exchange of the partnership interest for corporate stock, the exchange must be ignored in computing the profit by the taxpayer at the time of the sale of his stock and the sale of the corporate stock treated for taxation purposes as a sale at that time of the partnership interest for which it had been exchanged. In other words, the actual profit of the taxpayer in the entire transaction was determined at the time he sold his stock instead of being determined in whole or in part at the time of the nontaxable exchange of one form of ownership for another. The difficulty in interpreting paragraph (6) arises from the concluding sentence of the paragraph which the petitioner claims modifies the entire paragraph so as to make the whole paragraph inapplicable to the exchange in the case at bar.

We italicize and quote the concluding sentence of paragraph (6) of subdivision (a) of section 204, as follows: " * * * *This paragraph shall not apply to property acquired by a corporation by the issuance of its stock or securities as the consideration in whole or in part for the transfer of the property to it.*"

The Commissioner claims that this last sentence of paragraph (6) of subdivision (a) of section 204 merely excludes therefrom the taxation of the profit derived or to be derived by the corporation from the sale of the partnership property acquired by it, and leaves the section applicable to the sale by the stockholder of his stock, and that the exception in paragraph (6) is made because paragraph (8) of subdivision (a) of section 204 of the act of 1924, 26 USCA § 935 (a) (8), expressly provides for the method of taxing the profit to the corporation derived from the sale of its property received in exchange for its stock upon a nontaxable exchange. That paragraph is as follows: "(8) If the property * * * was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in paragraph (4) of subdivision (b) of section 203 [section 934], * * * then the basis shall be the same as it would be in the hands of the transferor. * * *"

That this paragraph (8) applies to the sale by a corporation of its property acquired by it in a nontaxable exchange of its stock for the property has been decided by this court. Osburn Cal. Corp. v. Welch, 39 F.(2d) 41, and by other courts; Newman, Saunders & Co. v. U. S. (Ct. Cl.) 36 F.(2d) 1009; T. W. Phillips, Jr., Inc., v. Commissioner, 63 F.(2d) 101, and it has been held that the method of taxing the corporate gain so provided is not unconstitutional because it taxes the corporation at the time of the sale of its assets for that portion of the increase in value which occurred while the transferor owned the property. T. W. Phillips, Jr., Inc., v. Com'r, supra. It would seem clear then that the method of ascertaining the gain or loss upon the sale of property acquired by a corporation in a nontaxable exchange is covered by paragraph (8) of subdivision (a) of section 204, and this would be a sufficient reason for the proviso of the concluding sentence of paragraph (6), supra, providing that it should not apply to property acquired by the corporation. Otherwise the paragraph would apply to both the corporation and the stockholder because both have received "property" in a nontaxable exchange, and hence both would

come within the terms of paragraph (6) had the corporation not been excluded therefrom by the concluding sentence. The reason for dealing with the stockholder in one paragraph (6) and the corporation in another (8) probably arises from the fact that both paragraphs provide for the contingency that there may have been other property or money in addition to the capital stock on the one hand and business or property on the other involved in the exchange. We have omitted from our quotation from both paragraphs (6) and (8) these provisions which are not involved in the case at bar.

■■■ This construction of the two paragraphs, (6) and (8), of subdivision (a) of section 204 of the Revenue Act of 1924, apparent enough upon their faces, the petitioner would avoid upon the ground that the application thereof might result in both the corporation and the stockholder paying a tax upon the increase in value of the property of the stockholder transferred to the corporation during the time it was owned by the transferor, because in the case of the sale of the stock the original cost of the property exchanged therefor to the transferor is taken as a basis for determining his profit, and in the case of the sale of the property by the corporation the same basis is taken, thus relating the transaction back to the same original cost and covering the gain during the period it was held by the transferor. That this might be the effect of the statute is apparent and is conceded by the respondent. While it is true that, in construing a statute, a construction that would result in double taxation should be avoided in case of ambiguity or uncertainty, this consideration does not justify a court in ignoring the plain intent of Congress. We are not here concerned with a case of double taxation, but at the most of a possibility thereof. The petitioner has received his profit, and it is a part of his income for the year in which it was received. The corporation may never realize a taxable profit upon the sale of its assets acquired from petitioner. It may not sell them. They may decrease in value to less than the cost to petitioner, and be sold at a loss. If the property acquired by the corporation should be sold by it at a price which would realize a taxable gain under paragraph (8), it will be time enough to then consider whether the stockholder has not already paid all or part of the tax. The question as to the constitutional power of Congress to tax the increased value of the property while it was in the hands of the transferor, as well as to the corporation, sought to be raised by the petitioner, cannot be raised by him or considered until that time. T. W. Phillips, Jr., Inc., v. Com'r (C. C. A.) 63 F.(2d) 101, supra. See, however, as to the power of Congress to tax the same income to two persons. Hellmich v. Hellman, 276 U. S. 233, 237, 48 S. Ct. 244, 72 L. Ed. 544, 56 A. L. R. 379. Petitioner advances an alternate proposition that the cost to him of his partnership interest should have been fixed at $600,000 instead of $460,493.94. This claim is based on a showing of the book value of the partnership assets of $1,200,000 at the time of the exchange, and the testimony of C. N. Reynolds, that "the merchandise inventory was based upon cost or market whichever was lower, that the fixtures were shown on the books at cost less depreciation, and the cash surrender value of life insurance policies." This is not a showing of the cost of the partnership assets to the petitioner, that is, his capital investment therein, hence the finding of the Commissioner was properly sustained by the Board of Tax Appeals.

The order of the Board of Tax Appeals is affirmed.