KING v. UNITED STATES.

No. 3877.

Circuit Court of Appeals, Fourth Circuit.

Oct. 8, 1935.

454

Albert E. James, of Washington, D. C. (Milton W. King, of Washington, D. C., on the brief), for appellant.

Howard P. Locke, Sp. Asst. to the Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., Norman D. Keller, Sp. Asst. to the Atty. Gen., and Bernard J. Flynn, U. S. Atty., and G. Randolph Aiken, Asst. U. S. Atty., both of Baltimore, Md., on the brief), for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

The appellant, herein referred to as the plaintiff, brought this action against the United States, in the District Court of the United States for the District of Maryland, to recover $78,557.15, principal and interest, alleged excessive income taxes required by the Commissioner of Internal Revenue to be paid. A demurrer was filed to the plaintiff's declaration and, after argument, in a well-considered opinion, the judge below sustained the demurrer and entered an order giving judgment in favor of the defendant with costs; from this order this appeal was brought.

The plaintiff was a transferee of assets from the Gramaphone & Securities Corporation, a Virginia corporation, and as such transferee paid the tax in question. The tax was originally assessed against the corporation as income tax for the year 1927. After payment, a claim for refund was filed in May, 1932. The claim was disallowed in November, 1932, whereupon the plaintiff brought this action.

The Gramaphone & Securities Corporation was organized in July, 1921, and issued Emile Berliner 1,998 shares of its capital stock in exchange for 19,998 shares of the capital stock of the Gramaphone Company Limited, a British corporation. The object of the formation of the Virginia corporation was to facilitate the distribution by Berliner, among the members of his family, of a substantial part of his property, at the same time keeping it united and under his control during his lifetime. Berliner was an inventor who had close contact with the development of the business of an American corporation, the Victor Talking Machine Company. Two shares, in addition to those owned by Berliner, were issued, making the total issuance of capital stock 2,000 shares. No more stock was ever issued by the corporation. The plaintiff is one of Berliner's daughters.

Within about thirty days after the organization of the corporation and the issuance of its stock as stated, Berliner also transferred to the corporation, without additional stock issuance or other consideration, 1,200 shares of Victor Talking Machine Company stock; this Talking Machine stock, subsequently and before its sale by the taxpayer, by virtue of stock dividends, was increased to 8,400 shares. It is admitted that the reason that the Victor Talking Machine Company's stock was not transferred to the taxpayer at the time of the transfer of the shares in the British company, was due to accident rather than design, and because of the fact that the certificate for Victor Talking Machine stock was not immediately at hand. From this fact the judge below drew the inference that it was within the original contemplation of Berliner to transfer all this stock at the same time, and that the stock given to Berliner by the Virginia corporation was really intended as compensation for the stock in the Talking Machine Company as well as that in the British company. We are of the opinion that the inference was a fair one and necessarily followed from the facts admitted; but we are also of the opinion, as will be discussed later, that this inference is not material to a proper decision of the question here involved.

The Talking Machine stock, transferred by Berliner to the Virginia corporation, had been acquired by him prior to March 1, 1913, at a cost price of less than $720,000, which was its market value on March 1, 1913. When the stock was transferred to the taxpayer in 1921, its fair market value was $1,200,000. This stock was sold by the taxpayer in 1927 for $1,302,000, less expense incurred of $11,911.40. In its income

tax return for 1927 the corporation treated the sale as yielding a profit represented by the difference between the value of the stock at the time of its acquisition by the taxpayer ($1,200,000) and the net sale price; but the Commissioner of Internal Revenue on review determined that the taxable profit must be computed on the basis of the net sale price less the market value as of March 1, 1913 ($720,000). He thus added to the taxable profit $480,000.

The sole question in the case is whether the value of the stock as of March 1, 1913, or its value in the year 1921, when it was transferred to the corporation, is to be deducted from its net sale price in determining what profit was taxable as income.

The Revenue Statutes involved are section 204 (a) (2) and (8) of the Revenue Act of 1926, 44 Stat. 14, 15, 26 USCA § 935 and (see 26 USCA § 113 note) section 203 (b) (4) of the Revenue Act of 1926, 44 Stat. 12, USCA title 26, § 934 (see 26 US CA § 112 note) which read as follows:

"Sec. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that— * * *

"(2) If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift. If the facts necessary to determine such basis are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis shall be the fair market value of such property as found by the Commissioner as of the date or approximate date at which, according to the best information that the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner; * * *

"(8) If the property (other than stock or securities in a corporation a party to a reorganization) was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in paragraph (4) of subdivision (b) of section 203 (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money in addition to such stock or securities),

then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transfer- plicable to the year in which the transfer or upon such transfer under the law applicable was made. * * *

"Sec. 203. * * * (b) * * * (4) No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange."

It is contended on behalf of the plaintiff that the transfer by Berliner to the Gramaphone & Securities Corporation of the Talking Machine stock was not a gift within the meaning of section 204 (a) (2) of the Revenue Act of 1926, and further, that it was not an acquisition of property by the transferee corporation in consideration of its stock or securities within the meaning of section 204 (a) (8) of said Revenue Act, but that said stock, when so transferred to the corporation, became paid in surplus, and therefore would not come within the plain provisions of the Revenue Act. It is further contended that if the collection of the tax is sustained, it would be a double tax upon essentially the same transaction.

It is contended on behalf of the government that the transfer when made by Berliner was either a gift to the transferee corporation or was a transfer in consideration for capital stock issued to Berliner.

We are not concerned here with the question of whether or not the tax amounts to double taxation, but only with whether the tax in the transaction under consideration comes clearly within the meaning of the Revenue Act. While it is not clear from the record that the tax here would in any event be a double tax, double taxation, if clearly the intention of Congress, is concededly not unconstitutional and may properly be collected. This is admitted on behalf of the plaintiff, and it has been repeatedly so held by the courts. Hellmich v. Hellman, 276 U. S. 233, 48 S. Ct. 244, 72 L. Ed. 544, 56 A. L. R. 379; Faris v. Helvering (C. C. A.) 71 F.(2d) 610; Aluminum Co. of America v. United States, 67

456

F.(2d) 172; T. W. Phillips, Jr., Inc.; v. Commissioner (C. C. A.) 63 F.(2d) 101; Perthur Holding Corporation v. Commissioner (C. C. A.) 61 F.(2d) 785.

■ We are of the opinion that the transfer in question comes within the plain meaning and intent of section 204 (a) (8) of the Revenue Act of 1926. The transferee corporation was a one-man corporation, Berliner owning practically all of its stock and receiving it at the time of the transfer of the shares in the British corporation. The Talking Machine stock was not transferred at the same time because it was not convenient or because of inadvertence, but was transferred shortly after. As was well reasoned by the judge below, the issuance of additional stock in the transferee corporation to the man who already owned all of the stock would in no way have affected the value of the stock already held by him, while owned by him, and the conclusion is inescapable that the transaction must be treated in substance as the issuance of securities for property transferred. The fact that the value of the Talking Machine stock was treated on the books of the transferee corporation as paid in surplus does not in any way affect the substance of the transaction. There was a large increase in the value of the stock from March 1, 1913, to the date on which the stock was sold in 1927. This increase in value represented a profit which the government was entitled to tax. Had the property remained in the hands of Berliner until the date of the sale, the increase in the value would have been subject to the tax. The fact that Berliner, to facilitate the handling of his estate, transferred the stock to a corporation of which he owned all the stock cannot affect the right of the government to receive the proper tax upon the increase in value. The tax basis of the transferor of stock, under the circumstances that existed here, is properly applicable to profit realized from the sale of the same stock received by a corporation from the transferor. T. W. Phillips, Jr., Inc., v. Commissioner, supra.

The section in question, within the plain intent of the words used, makes the basis for determining gain or loss upon the subsequent sale of stock by a corporation the same as it would be in the hands of the transferor. This section has been held constitutional in a number of decisions. Faris v. Helvering, supra; Perthur Holding Corp. v. Commissioner, supra.

In his opinion the judge below reviews the legislative history of the act as shown in the Congressional Record, and, in our opinion, properly concludes that the interpretation given the act by him was clearly the intent of Congress in its enactment.

Having reached the conclusion that the tax in question was properly collected under section 204 (a) (8), it is not necessary to discuss the point raised that the transfer of the Talking Machine Company stock was a gift to the corporation. In Commissioner v. Rosenbloom Finance Corporation, 66 F.(2d) 556, the Circuit Court of Appeals for the Third Circuit held that a transfer of stock under similar conditions was a gift. The judge below ably reasons that the transfer must either have been a gift or a transfer for stock. We think it was the latter; in any event the court below reached the proper conclusion in sustaining the demurrer to plaintiff's declaration.

The judgment of the court below is accordingly affirmed.