**WARREN NAT. BANK v. COMMISSIONER OF INTERNAL REVENUE.**

No. 4763.

Circuit Court of Appeals, Third Circuit.

Sept. 23, 1932.

John E. McClure, of Washington, D. C. (Miller & Chevalier, of Washington, D. C., of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and L. W. Creason, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before · BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

The all-decisive question in this tax case is whether the profit of the taxpayer in the sale of certain stocks was realized in 1923 or 1924. This question and the pertinent facts bearing thereon were thus summarized by the Board of Tax Appeals: "The respondent maintains that the sale of capital stock by the decedent to Walbridge & Company was made in 1924, that the initial payment was $262,000 or approximately one-third of the purchase price and that the contract of November 16, 1923 (known as Exhibit A) was merely an agreement to sell the stock contingent upon certain events which occurred in 1924 and which served as a basis for completing the sale and transferring the title to the purchaser or its designee." Its conclusion was that: "The sale on April 10, 1924 was a closed transaction for cash and its equivalent. The profit accruing from it was realized on that date and should be taxed in the year 1924."

After a full argument by counsel, after a careful study by the members of this court individually and a discussion thereof collectively, and a due consideration of all the questions raised in the briefs and on oral argument in this court, we are satisfied the Board committed no error in procedure or conclusion and its order should be affirmed. The parties largely evidenced their acts by written documents, and the inference drawn therefrom by the Tax Board as to the year the profit was made was warranted. No principle of law is here involved and the case turns on its own individual documents; and as the acts of the parties are set forth in great detail in the record of the · Tax Board and reported in the publications of that body, by reference thereto we avoid a needless restatement thereof in the records and publications of this court.

Such being the situation, we limit ourselves to stating that finding no error on the part of the Tax Board, its order is affirmed.