EDELMAN, STATE TREASURER, ET AL. *v.* BOEING
AIR TRANSPORT, INC.

No. 571.   Argued March 21, 1933.—Decided April 17, 1933

*Messrs. James A. Greenwood,* Attorney General of
Wyoming, and *George W. Ferguson,* Assistant Attorney
General, with whom *Messrs. Richard J. Jackson,* Deputy
Attorney General, *R. Dwight Wallace,* Assistant Attorney
General, and *T. S. Taliaferro, Jr.,* were on the brief, for
petitioners.

*Mr. William M. Allen,* with whom *Messrs. John W.
Lacey, Elmer E. Todd,* and *Clarence R. Innis* were on
the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

Respondent, a Washington corporation operating air-
planes in Wyoming, brought this suit in equity in the

District Court of Wyoming against petitioners, state tax officials, and the cities of Cheyenne and Rock Springs, to enjoin the collection of a state excise tax levied upon the use of gasoline by respondent within the State, as a violation of the commerce clause of the Constitution. As respondent waived relief by interlocutory injunction, see *Smith v. Wilson,* 273 U.S. 388, 391, the case was tried before a single judge who upheld the tax and dismissed the case on the merits. 51 F. (2d) 130. On appeal the Court of Appeals for the Tenth Circuit reversed the decree and directed that the petitioners be enjoined from assessing the tax on gasoline procured by respondent by " purchases completed outside the State of Wyoming and then brought into that State and used in its planes in interstate commerce." 61 F. (2d) 319. This Court granted certiorari.

The statute [1] levies a " license tax of four cents per gallon . . . on all gasoline used or sold in this State . . . for domestic consumption " and requires every " wholesaler " engaged in the " sale or use of gasoline " within the State to report to the state treasurer each month all the gasoline " sold or used " by it in the State, and to pay the tax upon it. Gasoline " exported or sold for exportation from the State " is exempted from the tax. A " wholesaler " is defined as any person (1) who " imports or causes to be imported gasoline . . . for sale in the State . . . to the jobber or consumer, or to the persons . . . who, in turn, sell to the jobber or consumer," or (2) who " produces, refines, manufactures, blends or compounds gasoline " in Wyoming " for use, sale or distribution in this State." In addition the statute provides that " every person . . . who shall use any gasoline in this State upon which the said tax has not been paid by any

[1] Wyoming Laws of 1929, c. 14, amending Laws of 1929, c. 139; Laws of 1927, c. 70; Laws of 1925, c. 89; Laws of 1923, c. 73.

wholesaler in this State," shall render a like statement and pay a like tax.

Respondent maintains an airplane service for the transportation in interstate commerce of passengers, mail and express with airports at Cheyenne and Rock Springs. It purchases gasoline both within and without the State, which it intermingles and stores in tanks at the two airports. It pays the tax without objection on all gasoline which it sells within the State at its airports or withdraws from the tanks for local use. But it contends, and the court below held, that the tax cannot validly be applied to the gasoline imported from outside the State, stored in tanks at the airports and used for " filling " the interstate airplanes in which it is eventually consumed.

The opinion below leaves us uncertain whether the injunction was granted upon the ground that the taxing statute does not, in any event, apply to gasoline purchased without the state, if not sold within it, or upon the ground that the taxation of gasoline purchased outside the state and used at respondent's airports to " fill " its interstate planes, though authorized by the statute, is a prohibited burden on interstate commerce. But the bill of complaint sought no relief on the ground that the statute does not apply to the gasoline so used and no question of the applicability of the tax is argued here. Issue is joined on the only question raised by the pleadings, whether the taxation of the gasoline which respondent withdraws from storage and uses for " filling " its planes imposes an unconstitutional burden on interstate commerce. Hence we confine our decision to that question.

As the statute has been administratively construed and applied, the tax is not levied upon the consumption of gasoline in furnishing motive power for respondent's interstate planes. The tax is applied to the stored gasoline as it is withdrawn from the storage tanks at the airport and placed in the planes. No tax is collected for gasoline

consumed in respondent's planes either on coming into the State or on going out. It is at the time of withdrawal alone that "use" is measured for the purposes of the tax. The stored gasoline is deemed to be "used" within the State and therefore subject to the tax, when it is withdrawn from the tanks. Compare *Nashville, Chattanooga & St. Louis Ry.* v. *Wallace,* 288 U.S. 249; *Gregg Dyeing Co.* v. *Query,* 286 U.S. 472; *Hart Refineries* v. *Harmon,* 278 U.S. 499; *Bowman* v. *Continental Oil Co.,* 256 U.S. 642.

A State may validly tax the "use" to which gasoline is put in withdrawing it from storage within the State, and placing it in the tanks of the planes, notwithstanding that its ultimate function is to generate motive power for carrying on interstate commerce. Such a tax cannot be distinguished from that considered and upheld in *Nashville, Chattanooga & St. Louis Ry.* v. *Wallace, supra.* There it was pointed out that "there can be no valid objection to the taxation of the exercise of any right or power incident to . . . ownership of the gasoline, which falls short of a tax directly imposed on its use in interstate commerce, deemed forbidden in *Helson* v. *Kentucky,*" 279 U.S. 245. As the exercise of the powers taxed, the storage and withdrawal from storage of the gasoline, was complete before interstate commerce began, it was held that the burden of the tax was too indirect and remote from the function of interstate commerce, to transgress constitutional limitations.

Despite the fact that the statute as applied is identical in operation with that sustained in *Nashville, Chattanooga & St. Louis Ry.* v. *Wallace, supra,* respondent contends that as the statute is written, the tax is one on the consumption of gasoline in propelling its airplanes in interstate commerce, invalid under *Helson* v. *Kentucky, supra.* In that case a Kentucky statute taxing the use of gasoline was applied to that purchased and placed in the tanks of a ferry boat outside the State for use in operat-

ing it in interstate commerce. The tax, which was levied only with respect to the gasoline consumed while the ferry boat was within the State, was held to be invalid as, in effect, a direct tax on the privilege of carrying on interstate commerce.

But the officers of Wyoming, charged with the enforcement of the taxing statute, are giving no such application to it as was given to that in *Helson* v. *Kentucky, supra,* and it is not suggested that they will. All that has been done or threatened by them, under their interpretation of the statute, infringes no constitutional right of the complainant. In the circumstances, no case is presented, either by pleadings or proof, calling on a federal court of equity to rule upon the correctness of some other construction which may never be adopted by the state administrative officials or by the state courts.

*Reversed.*

MR. JUSTICE VAN DEVANTER took no part in the consideration or decision of this case.