### AMERICAN AIRWAYS, Inc. v. GROSJEAN, Supervisor of Public Accounts of Louisiana.
### No. 284.

District Court, E. D. Louisiana, Baton Rouge Division.
June 19, 1933.

Raymond E. Buck, of Fort Worth, Tex., and Hugh M. Wilkinson, of New Orleans, La., for plaintiff.

Gaston L. Porterie, Atty. Gen., and Peyton R. Sandoz and Justin C. Daspit, Asst. Attys. Gen., for defendant.

Before FOSTER, Circuit Judge, and BORAH and DAWKINS, District Judges.

BORAH, District Judge.

Plaintiff, a Delaware corporation operating airplanes in Louisiana, brings this suit in equity against defendant, the supervisor of public accounts for the state of Louisiana, to enjoin the collection of a state excise tax levied upon the use of gasoline by plaintiff within the state. On motion of the attorneys for the plaintiff, American Airways, Incorporated, a District Court of three judges was organized and convened to hear its application for an interlocutory injunction. After a full hearing, at which evidence was introduced in the form of affidavits, and argument had by counsel, the court is of the opinion that plaintiff's prayer for an interlocutory injunction should be denied and the bill of complaint dismissed for want of equity, and makes the following findings of fact and conclusions of law:

#### Findings of Fact.

The verified pleadings and affidavits filed herein show that the plaintiff is a private corporation organized and existing under the laws of the state of Delaware and is duly qualified and licensed to do business in the state of Louisiana. Plaintiff's business in the state consists in the operation of its airplanes on regularly established schedules over interstate routes from (1) Atlanta, Ga., by way of Montgomery and Mobile, Ala., and New Orleans and Baton Rouge, La., to Houston, Tex., and return; (2) from St. Louis,

Mo., by way of Memphis, Tenn., and Jackson, Miss., to New Orleans, La., and return; (3) from Atlanta, Ga., by way of Birmingham, Ala., and Jackson, Miss., and Monroe and Shreveport, La., to Dallas, Tex., and return. In such operation it enjoys a contract with the United States government in the transportation of United States mails, and likewise transports passengers and express for hire between points within and points without the boundaries of the state of Louisiana. The substantial portion of its business is interstate; in fact the testimony shows that its transportation of mails, passengers, or express within the state of Louisiana constitutes less than 5 per cent. of its entire business, so that it is impossible from a practical operating standpoint to determine or estimate the relative amount of gasoline which would be consumed in carrying on its intrastate business.

In the operation of its air line, plaintiff has imported certain gasoline in tank car lots from the state of Texas which it places in storage tanks at Shreveport and Arabi in the state of Louisiana, from whence the gasoline is withdrawn and transported by tank wagon trucks over the highways to the respective airports in Shreveport and New Orleans, La., and pumped into the fuel tanks of the company's airplanes as occasion therefor requires. Plaintiff also proposes to import additional gasoline to be handled in like manner.

The statutes of Louisiana complained of (Act No. 6 of 1928, as amended by Act No. 8 of 1930, and Act No. 16 of 1932, and Act No. 1 of the Extra Session of 1930; the latter being in fact an amendment to the Constitution of Louisiana) levy a cumulative tax of 5 cents per gallon upon all gasoline or motor fuel "sold, used or consumed in the State of Louisiana for domestic consumption," and require that the aforesaid tax shall be collectable from "all persons, firms or corporations or associations of persons, engaged as dealers in the handling, sale or distribution of such products within the State of Louisiana." The term "dealer" is defined to mean "any person, firm, corporation or association of persons who produces, refines, manufactures, blends or compounds gasoline * * * for sale to the jobber or consumer, or to the persons * * * who, in turn, sell to the jobber or consumer. The term 'dealer' is further defined to mean the person, firm, corporation or association of persons who imports such gasoline * * * from any other State or foreign country for distribution, sale or use in the State of Louisiana." In addition, the statutes provide that "on all gasoline * * * imported from other States and used by him, the 'dealer' as thus defined shall pay the tax on the amount so imported and used, the same as if it had been sold for domestic consumption."

The plaintiff contends that it is not liable for the tax thus imposed on the ground that, in so far as the terms of the tax levying statutes are sought to be applied on the gasoline used by it in its operations through the state of Louisiana, the statutes levy a tax on the privilege of engaging in interstate commerce and are hence violative of the commerce clause of the Federal Constitution. Exemption is also claimed for the further reasons (1) that the tax sought to be collected from it is imposed upon the use, sale, or consumption of gasoline used by it, and that the state of Louisiana is without right to tax its use of gasoline because the gasoline which it uses is employed entirely in interstate commerce and that the tax of same is tantamount to taxing the privilege of using an instrumentality of interstate commerce; (2) that the statutes are violative of the due process clauses of the Federal and State Constitutions.

### Conclusions of Law.

From the findings of fact, the court has reached the legal conclusion that plaintiff is chargeable with the taxes levied under the constitutional provision and statute referred to above.

The statutes involved in this proceeding do not purport to impose a tax upon plaintiff for the privilege of engaging in interstate commerce, nor do said statutes purport to impose a tax upon the use of an instrumentality of interstate commerce.

The tax which plaintiff is called upon to pay is an excise tax which is laid, not upon the gasoline, but upon the right or privilege of selling, using, or consuming it.

A state may tax the "use" to which gasoline is put in withdrawing it from storage within the state, and it is at the time of withdrawal alone that "use" is measured for the purpose of the tax as the stored gasoline is deemed to be "used" within the state, and therefore subject to the tax when it is withdrawn from the tanks. Edelman et al. v. Boeing Air Transport, Inc., 53 S. Ct. 591, 77 L. Ed. —— (decided April 17, 1933).

There is likewise no substance in plaintiff's contention that the tax violates the Fourteenth Amendment in that it is levied as a charge for the use of the highways which plaintiff does not use. The levy is a tax, not

a charge for the use of the highways, and the constitutional power to levy taxes does not depend upon the enjoyment by the taxpayer of any special benefit from the use of the funds raised by taxation. Nashville, Chattanooga & St. Louis Railway v. Wallace et al., 288 U. S. 249, 53 S. Ct. 345, 77 L. Ed. 730 (decided February 6, 1933).

Decree for injunction prayed for is denied, and the bill of complaint is dismissed.