**BAIRD v. UNITED STATES.**

No. 6891.

Circuit Court of Appeals, Fifth Circuit.

July 6, 1933.

S. L. Herold, of Shreveport, La., for appellant.

Ralph E. Smith and W. B. Duff, Sp. Attys., Bureau of Internal Revenue, both of Washington, D. C., and Philip H. Mecom, U. S. Atty., of Shreveport, La., for the United States.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This is a suit brought under the provisions of the Tucker Act, Jud. Code § 24(20), 28 USCA § 41(20), to recover the sum of $3,340.89, alleged to have been unlawfully exacted and collected from appellant by the late Jacob O. Bender, collector of internal revenue for the district of Louisiana, as income taxes for the year 1920. The case was submitted on a stipulation as to the facts. The facts material to a decision are as follows:

Appellant was a member of a partnership, doing business under the name of the George O. Baird Partnership, engaged in the business of dealing in oil lands and leases and producing and marketing oil. On December 10, 1919, the partnership entered into an agreement to sell a certain oil and gas lease to J. Rogers Flannery for the price of $2,500,000. Under the terms of this agreement Flannery was to pay $500,000 in cash when it was signed and on February 8, 1920, to make further payment of $300,000 in cash and give his notes for the balance of the purchase price, the notes to be secured by the property and the production of same. With the completion of the payment of $800,000 and the giving of the notes, the partnership was to

deliver a warranty deed for the property to Flannery and account to him for all the oil run and sold from the property from and after 7 a. m., November 8, 1919. The agreement further provided that upon the failure of Flannery to make the payment of $300,000 on or before February 8, 1920, the Baird Partnership should have the right and option, after giving Flannery 15 days' notice in writing, to declare the contract forfeited and to retain the sums already paid in full liquidation and settlement for damages, in lieu of any other or further damages whatever, and to discharge Flannery from any and all liability incurred by virtue of the agreement. The $500,000 was paid in December, 1919, in two payments, which were entered on the books of the partnership in a suspense account. The partnership kept its books on the cash receipts and disbursements basis, but neither appellant nor the partnership included any part of the $500,000 as taxable income for 1919 in making returns for that year.

Flannery defaulted on the payment of the $300,000. The partnership did not give him the 15 days' notice, did not tender a deed, continued in its possession and operation of the lease, treated Flannery as having an equitable interest in the lease by agreeing to his making a contract for the development of the lease, and took no steps to cancel the contract until January, 1921, when suit was entered in a state court to set it aside. This suit resulted in a judgment annulling the contract but ordering restitution of $350,000 to Flannery.

Appellant filed an income tax return in March, 1921, for the year 1920, showing a tax liability of $3,866.73, which was paid. Thereafter appellant's returns were audited and a deficiency of $1,932.47 was determined. This amount was paid in September, 1926, pursuant to demand from Bender. Bender died before this suit was instituted. In 1927 appellant filed claims for a refund of $3,340.89, on the ground that the Treasury Department had erroneously included money conditionally received by the Baird Partnership on the Flannery contract in the income of the partnership for 1920 instead of 1919, the year in which it was received. A refund was denied.

The District Court in a well-considered opinion, 3 F. Supp. 947, to which we may refer, reviewed the facts and the law of Louisiana, and reached the conclusion that the Commissioner correctly treated the payment of $500,000 as a deposit, the right to retain which by the Baird Partnership was contingent on either of two eventualities, both of which were to happen on or after February 8, 1920: First, the payment of the $300,000 by Flannery; second, the forfeiture of the $500,000. Judgment was entered for the United States, rejecting the claim. There are only two errors assigned: (1) To the holding that plaintiff's share of the sum received by the George O. Baird Partnership in December, 1919, from Flannery was income for 1920; (2) to the overrulings of plaintiff's motion for judgment.

The case presents largely a question of fact. It is true that money received for the sale of real estate is usually to be accounted for and returned for income taxes in the year in which it is received rather than for the year in which an executory contract is completed. Cf. Lucas v. North Texas Lumber Co., 281 U. S. 11, 50 S. Ct. 184, 74 L. Ed. 668. But this is when the party receiving it acquires complete ownership. The contract at best was an executory contract of sale and was not intended to pass title. Conceding, arguendo, that under the provisions of article 2462, Louisiana Civil Code, the Baird Partnership might have maintained a suit for its specific performance upon tendering the deed, that was not done and no sale resulted from the agreement. The $500,000 could not be considered part of the consideration for a sale that was never consummated. If Flannery had complied with his agreement the right of the Baird Partnership to the $500,000 still was not complete as there remained an accounting for the oil produced and sold from the lease, which might have required the return of all or part of it, under the terms of the contract. Any right that the partnership had to the $500,000 resulted from a claim for damages for breach of contract. This right did not arise until Flannery defaulted in 1920. It is apparent that the right of the Baird Partnership to the $500,000 was in doubt in 1919 and the partnership could not have been compelled to account for it as income for that year. North American Oil Consol. v. Burnet, 286 U. S. 417, 52 S. Ct. 613, 76 L. Ed. 1197. Conceding that the $500,000 could have been returned as income for 1919, by holding it in abeyance and not returning it for that year, it became taxable as income for the year 1920 when the right to retain it accrued. We concur in the conclusion reached by the District Court.

Affirmed.