## PAN AMERICAN PETROLEUM CORPORATION v. STATE OF ALABAMA.

### No. 6884.

Circuit Court of Appeals, Fifth Circuit.

Nov. 15, 1933.

Rehearing Denied Dec. 14, 1933.

Lloyd J. Cobb, of New Orleans, La., for appellant.

Matt H. Murphy and William H. Ellis, both of Birmingham, Ala., for the State.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is a suit by the state of Alabama to collect excise taxes upon the sales of gasoline and other petroleum products by the Pan American Petroleum Corporation to post exchanges at Camp McClellan and Maxwell Field, located in Alabama, but situated on United States government reservations. These petroleum products were shipped into Alabama from other states, stored by the Pan American in bulk plants at Anniston and Montgomery, Ala., and afterwards sold therefrom by it and delivered to the post exchanges. We need consider only the tax in respect of sales of gasoline, for it is admitted that if it is collectible, the tax on sales of the other petroleum products is likewise collectible. The suit was defended upon the grounds, among others, (1) that the tax did not accrue because the gasoline was sold for use at post exchanges on military reservations, the idea being that they are not in the state of Alabama; and (2) that a post exchange is a department of the United States government, and therefore sales made to it are exempt from the tax. Other grounds of objection to the tax were also urged, but in the view we take of the case it is unnecessary to consider them. The case was tried upon an agreed statement of facts before the district judge, who gave judgment for the state; and the defendant appeals.

The pertinent part of the taxing statute reads as follows: "Every distributor, retail dealer or storer of gasoline as herein defined shall pay an excise tax of two [now four] cents per gallon upon the selling, distributing or withdrawing from storage for any use gasoline as herein defined in this

State, provided however that this excise tax shall not be levied upon the sale of gasoline in interstate commerce. * * * The excise tax imposed by * * * this section shall apply to persons, firms, corporations, dealers or distributors storing gasoline and distributing the same or allowing the same to be withdrawn from storage, whether such withdrawals be for sales or other use." Gen. Acts of 1927, No. 340, page 327. Appellant contends that the tax accrues only upon the use within the state of gasoline. In our opinion it is payable upon the withdrawal of gasoline from storage within the state, because by the very language of the statute the tax imposed applies to dealers, distributors, and storers, the moment they withdraw it from storage, whether the withdrawal be for sale or other use. It hardly can be assumed in view of this language that the Legislature intended to forego the tax if only the purchaser of gasoline intended to use it in another state, and .at the same time insist upon the tax if the purchaser intended to use the gasoline within the state. That a state has the power to levy an excise tax upon the withdrawal of gasoline from storage regardless of the use to which it is put, and even though it be consumed in the generation of motive power for carrying on interstate commerce, is settled by the decision of the Supreme Court in Edelman v. Boeing Air Transport, 289 U. S. 249, 53 S. Ct. 591, 77 L. Ed. 1155. It is therefore unnecessary to decide whether the sites of the military reservations, after they have been ceded by the state to the United States, are inside or outside the state of Alabama.

It is to be conceded that an excise tax on the sales of gasoline is inoperative as to sales made to the United States, either directly, or indirectly through one of its departments, for government use. Panhandle Oil Co. v. State of Mississippi, 277 U. S. 218, 48 S. Ct. 451, 72 L. Ed. 857, 56 A. L. R. 583. There a sale of gasoline was made direct to the United States for the use of the coast guard and a government hospital. No doubt the ruling would have been the same if the sales had been made directly to these instrumentalities of the government, for then also the United States would have been the real purchaser. But the tax here is not on the sale but is on the withdrawal of the gasoline. Furthermore, a post exchange is, of course, not the government; nor is it a department or instrumentality thereof. On the contrary, a post exchange is a voluntary, unincorporated, co-operative association of army organizations in which all share as partners in the profits and losses. The government has no share in the profits, and is not bound by the losses. We are therefore of opinion that sales made by appellant to the post exchanges at Camp McClellan and Maxwell Field are not exempt from the state excise taxes. People v. Standard Oil Co. (Cal. Sup.) 22 P. (2d) 2.

The judgment is affirmed.