## COMMISSIONER OF INTERNAL REVENUE v. GENERAL GAS & ELECTRIC CORPORATION. *
### No. 410.

Circuit Court of Appeals, Second Circuit.
July 16, 1934.

*Writ of certiorari denied 55 S. Ct. 210, 79 L. Ed. —.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Wilford S. Zimmerman, Sp. Assts. to Atty. Gen., for petitioner.

Francis J. Sweeney, of New York City, for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The facts are not in dispute. The respondent owned all of the capital stock of its subsidiary, General Finance Corporation, during 1924. In that year, General Finance Corporation sold 7,300 shares of the convertible preferred stock of the respondent to purchasers other than members of the affiliated group. It had previously acquired this stock from nonmembers of the group for $227,662.26 less than the price for which it sold the stock. The Commissioner included in gross income this excess of the sale price over the cost or basis of the stock to the General Finance Corporation and so computed the tax. The Board of Tax Appeals held that such excess was not taxable income, and the matter is here on petition to review that decision.

The Board based its decisions on several of its previous holdings to the effect that the affiliated group was the taxpayer, and treated the dealings of General Finance Corporation in the stock of its parent, the respondent, the same as though a corporation had legally dealt in its own stock. Under Treasury Regulations, such transactions would result in neither taxable gain or deductible loss. T. R. 65, art. 543. Among its own decisions to that effect was Van Camp Packing Co., Inc., 26 B. T. A. 256, which has since been reversed. Commissioner of Internal Revenue v. Van Camp Packing Co. Inc., 67 F.(2d) 596 (C. C. A. 7).

It has now been settled that an affiliated group is not a taxpayer but a tax computing unit, and that the corporations themselves are the taxpayers. Woolford Realty Co. v. Rose, 286 U. S. 319, 52 S. Ct. 568, 76 L. Ed. 1128; Commissioner v. Ben Ginsburg Co., 54 F.(2d) 238 (C. C. A. 2); Delaware & Hudson Co. v. Commissioner, 65 F.(2d) 292 (C. C. A. 2). The respondent's affiliate, General Finance Corporation, clearly had, as the result of its purchase and sale of the respondent's stock, a profit in the amount of the difference between what it paid for the stock and its sale price. This profit was within the definition of income in the statute. Section 213 of the Revenue Act of 1924 (26 USCA § 954 and note). Eisner v. Macomber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570; Merchants' Loan & Tr. Co. v. Smietanka, 255 U. S. 509, 41 S. Ct. 386, 65 L. Ed. 751, 15 A. L. R. 1305. It was income derived by one corporation from dealings in the stock of another unless, because the respondent owned all of its stock, we should disregard the corporate identity of General Finance Corporation for purposes of taxation. Congress, however, has never seen fit to treat a wholly owned affiliate as identical with the parent corporation for tax purposes, and it is incumbent upon the courts to follow the scheme of taxation prescribed by Congress save only when it may contravene the Constitution. It has been held, moreover, that the gain derived by a corporation from lawful dealing in its own stock is taxable income. See Commissioner v. S. A. Woods Mach. Co. (C. C. A.) 57 F.(2d) 635. That is not, however, the issue in this case.

Since the amount involved was income to General Finance Corporation, it was properly taken to be such by the Commissioner in computing the net income of that unit in the group and then carried into the computation of the net taxable income payable by any corporation or corporations in the affiliation. Only to this extent were they entitled to benefit by the filing of a consolidated return. Commissioner of Internal Revenue v. Van Camp Packing Co., Inc., supra.

Decision reversed, and cause remanded to the Board of Tax Appeals for further proceedings consistent with this opinion.