## CONSOLIDATED UTILITIES CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8073.

Circuit Court of Appeals, Fifth Circuit.
July 2, 1936.

Arnold R. Baar and Wilbur A. Giffen, both of Chicago, Ill., and Nicholas Callan, of New Orleans, La., for petitioner.

Helen R. Carloss and Sewall Key, Sp. Assts. to Atty. Gen., Robert H. Jackson, Asst. Atty. Gen., and Herman Oliphant, Gen. Counsel, Department of Treasury, and John F. Greaney, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal involves a deficiency in income tax for the year 1928. It was taken from the decision of the Board of Tax Appeals by petition for review filed pursuant to the provisions of sections 1001–1003 of the Revenue Act of 1926, c. 27, 44 Stat. 9, as amended by section 603 of Revenue Act 1928, 45 Stat. 873, section 1101 of the Revenue Act of 1932, c. 209, 47 Stat. 169, and section 519 of the Revenue Act of 1934, c. 277, 48 Stat. 680, 760 (26 U.S.C.A. §§ 641 (a, b), (c), (1–3), 642, 644, 645). There is no evidence incorporated in the record, but the facts are taken from the petition for review and the petition for a redetermination of the deficiency set forth by the Commissioner of Internal Revenue.

■ The petitioner is a corporation organized under the laws of the state of Delaware, with its principal office at Moultrie, Ga. It was a member of an affiliated group during 1927 and 1928 for which consolidated returns were filed. In determining its liability for the year 1928, the Commissioner treated as taxable the sale by petitioner of stock of two of its wholly owned subsidiaries, members of said group. It was contended that the affiliated group should be treated as a single taxpayer and that the sale of the subsidiary stock by the parent corporation was equivalent to a sale of its own stock, that is, a capital transaction giving rise to neither gain nor loss. We think the Board properly held that the petitioner was taxable on gain derived from the sale of stock of its subsidiaries. The rule seems to be well established that the profit on such sale to outside interests is taxable as it would be if no affiliation had existed. Remington Rand, Inc., v. Commissioner, 33 F.(2d) 77 (C.C.A.2d), certiorari denied Remington Rand, Inc., v. Lucas, 280 U.S. 591, 50 S.Ct. 39, 74 L.Ed. 639; Commissioner v. Van Camp Packing Co., 67 F.(2d) 596 (C.C.A.7th); Commissioner v. General Gas & Electic Corp., 72 F.(2d) 364 (C.C.A.2d), certiorari denied 293 U.S. 618, 55 S.Ct. 210, 79 L.Ed. 706.

The remaining and principal questions are whether the gain should be computed under the Revenue Act of 1926 or 1928 (44 Stat. 9, 45 Stat. 791), and, if the latter, whether section 113 of the Revenue Act of 1928 (26 U.S.C.A. § 113 note) is unconstitutional as applied to a sale taking place prior to its enactment.

The shares of stock of the two subsidiaries were acquired from three individuals who, immediately after the exchange, owned 80 per cent. of petitioner's common stock, the only kind outstanding. The amount of petitioner's stock received . by each of the individuals was substantially in proportion to his interest in the property prior to the exchange. On November 19, 1927, the petitioner agreed to sell all of these shares, being paid a comparatively small amount of the purchase price; and on January 16, 1928, the balance of the purchase money was paid to it and the stock was delivered to the purchaser. The fair market value of the shares of petitioner's stock when exchanged for that of its subsidiaries was at least $200,000. The basis of these shares in the hands of their prior individual owners, the transferors, was $99,-012.61. The Board, sustaining a determination of the Commissioner in an audit of the 1928 return, held that upon a sale of the capital stock of its subsidiaries, the petitioner realized a taxable gain measured by the difference between the admitted selling price of $200,000 and the transferors' base of $99,012.61.

The contention that the profit from the sale, if any, should be determined under the Revenue Act of 1926 rather than under section 113 (a) (7) and (8) of the Revenue Act of 1928, 26 U.S.C.A. § 113 note, is material, because under the latter the corporation is required to use the basis ·of the stock in the hands of the transferors, whereas under section 204 (a) (7) and (8) of the Revenue Act of 1926, 44 Stat. 15, it would not be required to use the transferors' base but would use its fair market value at the time of the exchange. If the Revenue Act of 1926 controls, no gain is taxable; if the act of 1928 controls, as was held by the Board, there was a gain of $100,987.39, the difference between the cost to the transferors and the admitted selling price by the transferee.

■ We think the sale occurred in 1928, and that the gain must be computed under the Revenue Act of 1928. There is no copy of the contract of sale in the record, but from the findings of the Board it appears that the agreement of November 19, 1927, was a mere contract to sell and not a sale. Baird v. United States, 65 F.(2d) 911 (C.C.A.5th), certiorari denied 290 U.S. 690, 54 S.Ct. 126, 78 L.Ed. 594; Hellman v. United States, 44 F.(2d) 83 (Ct.Cl.); Williston on Sales (2d Ed.) vol. 1, p. 3.

Nothing else occurred in 1927. On January 6th, the time for final performance was extended to January 16, 1928, when the transfer was completed and the balance of the purchase price paid. There being nothing to indicate a contrary intention, the title to the stock passed on January 16, 1928, when delivery was made. Dahlinger v. Commissioner, 51 F.(2d) 662 (C.C.A.3d), certiorari denied 284 U.S. 673, 52 S.Ct. 128, 76 L.Ed. 569; Eavenson v. Commissioner, 51 F.(2d) 664 (C.C.A.3d), certiorari denied 284 U.S. 672, 52 S.Ct. 128, 76 L.Ed. 569; Warren National Bank v. Commissioner, 61 F.(2d) 325 (C.C.A.

3d); MacDonald v. Commissioner, 76 F. (2d) 513 (C.C.A.2d).

Since the statute taxes gains from sales, not estimated gains from contracts to sell, the gain in controversy is taxable under the provisions of the Revenue Act approved May 29, 1928, which was made retroactive to January 1, 1928, and the gain of $100,987.39 was correctly computed by using as a base the costs of the stock to the transferors.

■ The next contention of petitioner is that subdivisions (7) and (8) of section 113 (a) of the Revenue Act of 1928 (either subdivision being applicable to sustain the tax), as applied to the facts of this case, are unconstitutional in that they result in a direct tax not apportioned as required by article 1, sections 2 and 9, of the Constitution, and that they violate the due process clause of the Fifth Amendment. The argument is that a transferee cannot be required to use the transferor's base because to do so is to tax capital and not income. The general principle of requiring a transferee to use a transferor's base was considered in the case of Taft v. Bowers, 278 U.S. 470, 49 S.Ct. 199, 73 L.Ed. 460, 64 A.L.R. 362, which involved a provision requiring the donee to use the cost basis of the donor in measuring the gain from the sale of property. It was argued in that case that to tax the donee on the increase in the value of the property in the hands of the donor would be to impose a direct tax. Rejecting the argument, the court said (278 U.S. 470, at page 484, 49 S.Ct. 199, 202, 73 L.Ed. 460, 64 A.L.R. 362): "There is nothing in the Constitution which lends support to the theory that gain actually resulting from the increased value of capital can be treated as taxable income in the hands of the recipient only so far as the increase occurred while he owned the property. And Irwin v. Gavit, 268 U.S. 161, 167, 45 S.Ct. 475, 69 L.Ed. 897, is to the contrary."

Construing similar though not identical statutes, the courts have upheld analogous provisions as not imposing a direct tax. Newman, Saunders & Co. v. United States (Ct.Cl.) 36 F.(2d) 1009, certiorari denied 281 U.S. 760, 50 S.Ct. 460, 74 L.Ed. 1169. See, also, Osburn California Corp. v. Welch, 39 F.(2d) 41 (C.C.A.9th), certiorari denied 282 U.S. 850, 51 S.Ct. 28, 75 L.Ed. 753; Perthur Holding Corp. v. Commissioner, 61 F.(2d) 785 (C.C.A.2d), certiorari denied 288 U.S. 616, 53 S.Ct. 506, 77 L.Ed. 989; Faris v. Helvering, 71 F.(2d) 610 (C.C.A.9th), certiorari denied 293 U.S. 584, 55 S.Ct. 99, 79 L.Ed. 680; King v. United States, 79 F.(2d) 453 (C.C.A.4th). In T. W. Phillips, Jr., Inc., v. Commissioner, 63 F.(2d) 101, 103 (C.C.A.3d), the statute was justified as "a well-conceived scheme of taxation enacted for the double purpose of encouraging business by permitting the transfer of property of one sort for property of another sort without taxation where no profit was presently realized yet preventing a gain from escaping taxation when, later, it has actually been realized by sale."

■ The final contention of petitioner, that these provisions violate the due process clause of the Fifth Amendment because arbitrarily retroactive, has been overruled in many cases arising under similar provisions of earlier statutes. We are mindful that a federal estate or gift tax may not be imposed on transfers fully consummated before the passage of the act. Blodgett v. Holden, 275 U.S. 142, 276 U.S. 594, 48 S.Ct. 105, 72 L.Ed. 206; Untermyer v. Anderson, 276 U.S. 440, 48 S.Ct. 353, 72 L.Ed. 645; Nichols v. Coolidge, 274 U.S. 531, 47 S.Ct. 710, 71 L.Ed. 1184, 52 A.L.R. 1081. But the doctrine is without effect in determining the validity of retroactive income tax legislation. Reinecke v. Smith, 289 U.S. 172, 53 S.Ct. 570, 77 L.Ed. 1109; Osburn California Corp. v. Welch (C.C.A.) 39 F.(2d) 41, certiorari denied 282 U.S. 850, 51 S.Ct. 28, 75 L.Ed. 753; Lawler v. Commissioner (C.C.A.) 78 F.(2d) 567.

There is no general constitutional objection to a retroactive income tax law, and we find nothing to indicate arbitrary retroactivity in the effort to apply the 1928 legislation to a transaction agreed upon but not completed during 1927. Brushaber v. Union Pac. R. Co., 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493, L.R.A.1917D, 414, Ann.Cas.1917B, 713; La Belle Iron Works v. United States, 256 U.S. 377, 41 S.Ct. 528, 65 L.Ed. 998; MacLaughlin v. Alliance Ins. Co., 286 U.S. 244, 52 S.Ct. 538, 76 L.Ed. 1083; Jackson v. Price, 74 F.(2d) 707 (C.C.A.2d); Martz v. Commissioner, 82 F.(2d) 110 (C.C.A.9th).

The decision of the Board of Tax Appeals is affirmed.