**DEPARTMENT OF REVENUE et al.,**
*Appellants,*

v.

**GREYHOUND CORPORATION**
(Southeastern Greyhound Lines
Division) Appellee.

Court of Appeals of Kentucky.

Feb. 13, 1959.

William S. Riley, Bradford T. Garrison, Frankfort, for appellants.

John Hopkins, Frankfort, for appellee.

CULLEN, Commissioner.

This appeal raises a question of construction of a portion of the Kentucky statute imposing a tax in relation to "special fuels" (motor fuels other than gasoline). The statute, KRS 138.565(1), is as follows:

"An excise tax of seven cents per gallon is hereby levied and shall be paid by the special fuels dealer to the department on all taxable special fuels delivered to the licensed special fuels user-seller, *or used by the special fuels dealer to propel motor vehicles on the public highways. * * *"* (Our emphasis.)

The Greyhound Corporation, which has qualified as a special fuels dealer under KRS 138.570, purchases diesel fuel in substantial quantities outside of Kentucky and brings it into this state where it is placed in storage tanks. Some of the fuel is then sold by Greyhound to other users (who constitute "special fuels user-sellers" under KRS 138.560 and 138.565), and Greyhound pays the tax upon delivery to those users. However, much of the fuel is used by Greyhound in its own vehicles, and with respect to this fuel Greyhound has contended the tax is due only on so much of the fuel as is used in propelling its vehicles on highways in Kentucky, and that the tax cannot be col-

lected on fuel used in the vehicles upon highways outside of Kentucky. In substance, Greyhound maintains that by the express words of the statute the tax, as it relates to fuel used in Greyhound's own vehicles, is a *highway use* tax. The Department of Revenue, on the other hand, contends that the tax is a *withdrawal* tax, and is due regardless of the place of actual consumption of the fuel.

In an appropriate action, the circuit court upheld Greyhound's construction of the statute. The Department of Revenue has appealed. (The Department of Finance is also an appellant, of a somewhat nominal character.)

The Department of Revenue maintains that in view of the history of Kentucky taxation of motor fuels other than gasoline, the intent and purpose of this statute when taken as a whole, and the obvious coordination of this statute with other fuel tax statutes, such as KRS 138.655 to 138.725, as part of a unified taxing plan, the statute in question cannot reasonably be construed as anything other than a *withdrawal* tax. The department argues that the statute must be read as if the language of the last clause were "or dispensed by the special fuels dealer into the fuel tanks of motor vehicles owned or operated by the dealer." (It may be observed that somewhat similar language is used in the definition of "special fuels user-seller" in KRS 138.560(7).)

The department relies upon a previous decision of this Court, and decisions from other jurisdictions, in which, in effect, the word "use" in a fuel tax statute was construed to mean "withdrawal from storage." The cases are: Commonwealth, by Nelson v. Dixie Greyhound Lines, Inc., 255 Ky. 111, 72 S.W.2d 1032, 1035; Central Vermont Railway, Inc. v. Campbell, 108 Vt. 510, 192 A. 197, 111 A.L.R. 175; Edelman v. Boeing Air Transport, Inc., 289 U.S. 249, 53 S.Ct. 591, 77 L.Ed. 1155; American Airways, Inc. v. Grosjean, D.C., 3 F.Supp. 995; American Airways, Inc. v. Grosjean, 290 U.S. 596, 54 S.Ct. 129, 78 L.Ed. 524.

In the cited cases, the word "use" appeared in the taxing statute along with such other words as "furnish," "supply," "distribute," and "sell," and there were no qualifying or restrictive phrases attached to the word "use," such as we find in KRS 138.565(1). So those cases are not authority for the proposition that "use," whenever and however employed in a fuel tax statute, may be considered to be the equivalent of "withdrawal from storage."

We can agree with the Department of Revenue that, considering all factors, it is reasonable to consider that the legislature intended the tax in question to be a withdrawal tax. However, at the same time, we cannot say that the construction arising from the literal words of the statute, that as concerns the fuel placed in the dealer's own vehicles, the tax is one on the consumption of fuel on the highways, is absurd or unreasonable.

We conceive it to be our duty to accord the words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion. Gilbert v. Greene, 185 Ky. 817, 216 S.W. 105. Also, as a general proposition, taxing statutes must be strictly construed, and doubts be resolved in favor of the taxpayer. Tennessee Gas & Transmission Co. v. Commonwealth, 308 Ky. 571, 215 S.W.2d 102.

It is our opinion that under the express words of the statute in question, the tax as it relates to fuel placed in the dealer's own vehicles is a tax on such fuel as is "used * * * to propel motor vehicles on the public highways." Such a tax is limited by the federal constitution to use within the confines of this state. Helson v. Commonwealth of Kentucky, 279 U.S. 245, 49 S.Ct. 279, 73 L.Ed. 683.

The judgment is affirmed.