## FAIRBANKS COURT WHOLESALE GROCERY CO. v. COMMISSIONER OF INTERNAL REVENUE.

### Nos. 5365, 5366.

Circuit Court of Appeals, Seventh Circuit.

June 4, 1936.

Isaac H. Mayer, Carl Meyer, Harry Thom, and Freeman Day, all of Chicago, Ill., for petitioners.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Morton K. Rothschild, Sp. Assts. to Atty. Gen., for respondent.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

The question for decision is: Where three separate and distinct corporations are consolidated into a new corporation which issued its entire capital stock for the properties of the former corporations in such proportions that the aggregate stock held in the new corporation by all the former stockholders of any one of the three former corporations was less than 80 per cent. of the outstanding stock of the new corporation, shall the new corporation compute depreciation, leasehold amortization, and gain or loss from the subsequent sale of said property on the basis of the cost of said properties to it without regard to the respective costs to each of the three former corporations? The commissioner answered, "No," and held that the costs to the three former corporations constituted the proper basis. The Board of Tax Appeals has affirmed, and this appeal follows.

The agreed facts are as follows: McNeil & Higgins Company, Durand & Kasper Company, and Henry Horner & Co. were consolidated as of July 1, 1921, under the name of Wholesale Groceries Corporation, later changed to Durand-McNeil-Horner Company, and still later to Fairbanks Court Wholesale Grocery Company, petitioner herein. As consideration for the

---

property transferred to it by the three old corporations, the new corporation issued 42.25 per cent. of its entire issued capital stock to the stockholders of McNeil & Higgins Company, 39.47 per cent. to the stockholders of Durand & Kasper Company, and 18.28 per cent. to the stockholders of Henry Horner & Co. Prior to the consolidation, no stockholder of any of the three former companies held any stock or other interest in any of the other corporations.

The new corporation in reporting its taxable income for the years 1924, 1925, and 1928, computed its gain or loss, so far as the acquired property was concerned, on the basis of the value of such property on July 1, 1921, the effective date of consolidation. The respondent thought that petitioner should have computed such gain or loss on the cost of each separate property to the particular corporation from whom said property was transferred and has been sustained in his conclusions by the Board of Tax Appeals.

The pertinent sections of the Revenue Act of 1924 are 204 (a) and 204 (a) (7), 43 Stat. 258, and are as follows:

"Sec. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that— * * *

"(7) If the property (other than stock or securities in a corporation a party to the reorganization) was acquired after December 31, 1917, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 80 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made;"

The pertinent sections of the 1926 and 1928 Revenue Acts are similar (section 204 (a) (7) of 1926, 44 Stat. 14, and section 113 (a) (7) of 1928, 26 U.S.C.A. § 113 note).

It is conceded that the gain or loss to the petitioner from the sale of its assets must be computed upon the cost of such assets to it unless the exception above quoted is applicable. In other words, if after the reorganization an interest or control in such property of 80 per cent. or more remained in the same persons or any of them, then, instead of using the cost to petitioner, the basis would be the same as in the hands of the transferors. The decision turns upon the proper construction to be accorded the language of section 204 (a) (7), supra.

We had before us for consideration a somewhat similar provision of the Revenue Act of 1918 in the case of Monarch Electric & Wire Company v. Commissioner (C. C.A.) 38 F.(2d) 417, and if the fact basis of that decision is comparable with the fact basis here presented, our decision there, in the absence of any ruling by the Supreme Court, will control our decision here.

In that case we considered section 331 of the 1918 Act (40 U.S.Stat.1095), which provided that in case of a reorganization of a business if an interest or control in such business of 50 per cent. or more remained in the same persons, or any of them, then the basis for determining invested capital should be the same as if such property had not been transferred. The language used in that section was somewhat different from that of the section now under consideration and the per centum used was 50 instead of 80, but for all practical purposes the effect is the same. The facts of that case are dissimilar in that we were there dealing with but one corporate property or business and in the transfer to the new corporation we were considering a shifting of the individual ownership of the stock in the old company and the new. We there held that while no single individual stockholder of the old corporation held 50 per cent. or more of the stock of the new corporation, yet the combination of the stockholders of the new corporation remained the same as the old, and they collectively owned more than 50 per cent. of the stock of the new corporation, which brought them within the statute.

In the instant case, the stockholders of no one of the three original corporations owned any interest in the property of either of the other corporations prior to consolidation, but after consolidation the stockholders of the separate transferor corporations owned stock in the new corporation exactly in the same proportion that the property transferred by that corporation bore to the aggregate of the prop-

erty transferred to the new corporation. We thus find that while we are here dealing with three separate corporate properties prior to consolidation, yet the ownership of the aggregate consolidated properties remains in the same persons collectively as before, and· in this respect assumes a like character to that in the Monarch Case. The parties collectively now owning the consolidated properties are the identical parties who owned 100 per cent. of that property before consolidation. We must look to the property or business being reorganized or consolidated and must consider its status after consolidation and after its title vests in the new corporation in order to give the intended effect to the legislation in question. Under the applicable section of the statute now under consideration, if the owners of 80 per cent. or more of the property of the new corporation match with one or more of the former owners of the property or business, then the exception provided by the statute comes into operation.

After a careful consideration, we think the facts of the instant case entirely comparable with those under consideration in the Monarch Case. The evil to be reached in the one case is as apparent as in the other, and while the transaction in the instant case was concededly a bona fide one and without purpose of evading the act, yet a different application of the statute than that given in the Monarch Case would in effect amount to an evasion of the statute.

Petitioner stresses the meaning to be given the word "remained," and its argument in this respect is forceful, yet if we treat the words "such property" as referring to the aggregate property after consolidation, and the words "in the same persons or any of them" to mean the persons who singly or collectively owned the aggregate property before consolidation, as we did in the Monarch Case, then we may readily give to the word "remained" the significance contended for by petitioner.

Petitioner, however, contends that the language "such property" means the property of the corporate transferors before conveyance and not the consolidated property. It also contends that the language "in the same persons or any of them" means in the same individual stockholders or any of them, as previously existing,— but not beyond the classes or groups of the separate corporations before consolidation. We think, however, that this construction would do, violence to the congressional intention and for that reason cannot adopt it.

We adhere to the conclusion reached in the Monarch Case, and believe the changed factual basis does not warrant a different conclusion here. This interpretation of the statute prevents any reorganized or consolidated company from using a different basis of valuation of its acquired assets (other than stock or securities in a corporation a party to the reorganization) from that applicable to its predecessor owners whether the reorganized or consolidated company is made up of the stockholders of one or many corporations, where in fact less than 20 per cent. of new capital is brought into the new company. We think it was the purpose of the section in question to prevent any so-called "stepped-up" basis of valuation where no substantial amount of new capital was introduced.

We are without the aid of any expression of the Supreme Court directly in point, but believe that this construction gives effect to the congressional purpose and it finds some support in the cases of: American Compress & Warehouse Co. v. Bender (C.C.A.) 70 F.(2d) 655; Snead v. Jackson Securities & Investment Co. (C.C.A.) 77 F.(2d) 19; Phillips, Jr., Inc., v. Commissioner (C.C.A.) 63 F.(2d) 101.

The order of the Board of Tax Appeals is affirmed.