### HARR, Secretary of Banking of Pennsylvania, v. MacLAUGHLIN.

### No. 18154.

District Court, E. D. Pennsylvania.

May 7, 1937.

Harry C. Liebman, of Philadelphia, Pa., for plaintiff.

Charles D. McAvoy, U. S. Atty., of Philadelphia, Pa., and Courtnay C. Hamilton, Sp. Asst. to the Atty. Gen., for defendant.

WELSH, District Judge.

This suit is one of assumpsit to recover from the collector of internal revenue the amount of an alleged overassessment of income tax paid for the year 1929. The facts are set forth fully in a stipulation entered into as part of the record and are adopted as the fact findings of the court. It is necessary only to determine the is-

sues of law raised by the following circumstances:

On October 6, 1928, the Oak Lane Trust Company and three other banks merged to form the Bank of Philadelphia & Trust Company, plaintiff herein. In pursuance of the agreement of merger the Oak Lane Trust transferred to the Bank of Philadelphia & Trust Company all of its assets and liabilities in exchange for stock on a share for share basis. Having thus withdrawn from business, the Oak Lane Trust Company filed its income tax return for the period of operation from January 1 to October 6, 1928. Prior thereto it had reported its income on a cash receipts and disbursements basis, but, because this return was considered final, it included therein accrued interest items receivable in the net amount of $25,300.27. The Commissioner declined to assess the tax on the reported income, including the accrued interest, for the reason that the Oak Lane Trust had not procured permission to change its accounting from a cash to an accrual basis for tax purposes.

At the time of the acquisition of the Oak Lane Trust Company's assets, the Bank of Philadelphia & Trust Company set up the items of accrued interest in its capital account, and, upon collection and payment of the accrued interest items in 1928, treated them as a liquidation of capital assets and not as income reportable for tax purposes. The new bank filed its return for the period from October 6, 1928, to December 31, 1928, and showed a loss of $29,667.67.

The following year, 1929, the Bank of Philadelphia & Trust Company reported net income of $183,754.18 upon which it paid income tax of $20,212.96. This was determined by the Commissioner to be excessive, and $6,620.15 thereof was refunded to the taxpayer. Thereafter, on September 23, 1931, the commissioner of banking of Pennsylvania took over the Bank of Philadelphia & Trust Company for liquidation, and in May, 1932, filed with the collector of revenue a claim for an additional refund, alleging that the loss sustained in 1928 should be allowed as a credit or deduction from the income reported by the bank in 1929 and further reducing the tax payable for that year. The Commissioner of Revenue disallowed the claim for deduction and specified in particular that the loss for 1928 should be reduced by the net accrued interest received, $25,300.17, inasmuch as he deemed that amount to be income to the Bank of Philadelphia & Trust Company in the period between October 6 and December 31, 1928.

The question presented is whether the accrued interest due to the Oak Lane Trust Company on October 6, 1928, and transferred to the Bank of Philadelphia & Trust Company under the agreement of merger was, upon collection, taxable income to the Bank of Philadelphia & Trust Company or was merely the liquidation of a capital asset and therefore not taxable.

■■ There can be no doubt that the accrued interest was income to the Oak Lane Trust Company and that an income tax assessment could have been made thereon in the hands of that company. But an entirely different problem arises in dealing with the same item in the hands of the transferee, the Bank of Philadelphia & Trust Company.

Under the terms of the merger agreement, the Bank of Philadelphia & Trust Company took over at once all of the rights, franchises, and property of the Oak Lane Trust Company, including among them an account receivable in the form of interest accrued to that date. It was an account then due and receivable and one of the existing assets for which the Bank of Philadelphia & Trust Company had paid the consideration specified in the merger. The interest did not arise from the investment or use of any capital asset by the new bank, for it had not yet begun to operate, and could not have had any income prior to the acquisition and employment of its capital. It is commonly understood and well settled in law that income is the gain derived from capital, from labor or both combined, or it may be the gain resulting from the conversion of a capital asset. Doyle v. Mitchell Bros. Co., 247 U.S. 179, 38 S.Ct. 467, 62 L.Ed. 1054. It is that value which is received, derived, or which proceeds from property, as distinguished from property itself or from any growth or increment in the value of the asset. Eisner v. Macomber, 252 U.S. 189, 40 S. Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570. Clearly the accrued interest when collected was not income or gain derived from property of the Bank of Philadelphia & Trust Company as contemplated by the Revenue Acts and may not be so treated

in determining the loss sustained by the plaintiff in 1928.

■ It is contended by the defendant that the transfer of the accrued interest account to the Bank of Philadelphia & Trust Company required the company to treat it as income because of section 113 (a) (7) of the Revenue Act of 1928 (26 U.S.C.A. § 113 note). That section has to do with the determination of gain or loss where assets are transferred upon reorganization, and provides that, when at least 80 per cent. of the ownership of the new company remains in the same persons, the basis for determining gain and loss shall be the same as it would be in the hands of the transferor. This provision is not applicable to the present circumstances, for it merely establishes the basis upon which capital gains and losses may be determined. There is no analogy between that problem and the present one. The act does not declare that a sum representing income in the hands of one taxpayer continues to be income to the transferee even though the ownership of the latter be substantially the same. There may have been a liability upon the new company for the tax due, but certainly the character of the asset itself had changed to become capital as distinguished from income.

■ We note that the Oak Lane Trust Company offered to pay the tax due on the item in question but the Commissioner refused to accept it because of article 322 of Regulation 74 requiring taxpayers desiring to change their accounting basis to secure consent. Thereafter the discontinuance of business and transfer of its assets by the Oak Lane Trust Company precluded the collection of the tax from that company. But it would seem that the collection might have been made from the successor under section 311 (a) of the act (26 U.S.C.A. § 311 (a) and note) and also because in the merger agreement it assumed all debts, duties, and liabilities of the Oak Lane Trust Company and agreed that such debts and liabilities might be enforced against it to the same extent as if they had been contracted by the new company directly. It now appears that under section 275 (a) of the Revenue Act of 1928 (26 U.S.C.A. § 275 note), the collection of the tax is barred by the limitation of the time for making an assessment provided therein.

■■ The failure to proceed against the original taxpayer or its successor would not justify us in holding the accrued interest to be income merely to permit the collection of the tax by indirect means. Section 117 (b) of the act (26 U.S.C.A. § 117 note) allows the deduction of the net loss sustained in one year from the reportable income for the succeeding year. If we considered the accrued interest item as income to the plaintiff, the effect would be to reduce the actual 1928 loss by that amount, and to deny the taxpayer the benefit of section 117 in that the taxpayer could not set off the actual loss against its income for the year 1929. We therefore affirm the right of the taxpayer to set off against income for 1929 the actual loss sustained in 1928, without reducing the same by the amount of the accrued interest collected.

■ The defendant's contention that the voluntary refund made by the Commissioner prior to the present suit was an accord and satisfaction and in full settlement of the rights of the plaintiff is not sound. While it is true that the stating of an account and acceptance of the amount agreed upon is a full settlement of the claims between the parties (Stearns Company v. United States, 291 U.S. 54, 54 S.Ct. 325, 78 L.Ed. 647), we do not find any facts in the present case indicating an agreement that the amount refunded voluntarily was to be deemed a full settlement and satisfaction of all of the rights and claims of the plaintiff. Such agreement would have to be proven, in addition to the payment, in order to preclude the plaintiff from proceeding.

Counsel are directed to submit a calculation of the difference between the net tax paid and the tax which would be actually due after deduction of the 1928 loss from the 1929 income, without including as income the proceeds of the net accrued interest account collected in the calculation of such loss, and judgment may be entered for the plaintiff. in the amount shown to have been paid by the taxpayer in excess of the actual tax found to be due in accordance herewith.