## MacLAUGHLIN v. HARR.
### No. 6660.

Circuit Court of Appeals, Third Circuit.
Oct. 25, 1938.

James W. Morris, Asst. Atty. Gen., and
J. Louis Monarch and Lee A. Jackson,
Sp. Assts. to Atty. Gen., J. Cullen Ganey,
U. S. Atty., of Bethlehem, Pa., and Thomas J. Curtin, Asst. U. S. Atty., of Philadelphia, Pa., for appellant.

Harry C. Liebman, of Philadelphia, Pa.,
for appellees.

Before BUFFINGTON and BIGGS,
Circuit Judges, and DICKINSON, District
Judge.

BUFFINGTON, Circuit Judge.

This somewhat complicated case eventually narrows to an answer to the question of "whether an item of net accrued interest receivable of the taxpayer's predecessor corporation, all of whose assets the taxpayer acquired in a non-taxable consolidation, when collected by the taxpayer, constitutes income or the recovery of capital to the taxpayer". Here the interest had accrued at the date of consolidation and the predecessor corporation had reported same as income on its income tax return. The Commissioner of Internal Revenue had eliminated such interest in determining the tax liability of the predecessor corporation. In other words, was the interest thus collected income of the taxpayer or a recovery of capital? The taxing authorities held it was income and collected it from the taxpayer. It paid the same under protest and brought suit in the court below to recover the alleged overpayment, and recovered judgment.

The opinion of the trial court holding it was not income, but a capital asset, comprehensively and satisfactorily discusses at length the questions involved which, by reference thereto, is made part hereof.[1] Agreeing therewith, the judgment of the court below is affirmed.

BIGGS, Circuit Judge (concurring).

Four banking institutions of the City of Philadelphia, Oak Lane Trust Company, Queen Lane National Bank, Broad Street National Bank of Philadelphia and National Bank of North Philadelphia, upon July 27, 1928, entered into a plan of consolidation whereby the four companies were to be consolidated into a new banking institution designated by the title, Bank of Philadelphia and Trust Company, referred to in this opinion as the taxpayer. Upon August 18, 1928, an agreement of consolidation was entered into between the taxpayer and Oak Lane Trust Company. Without referring to immaterial details the agreement of consolidation provided that the capital stock of Oak Lane Trust Company should be exchanged share for share for the stock of the taxpayer. The agreement of consolidation also provided that all of the property, real and personal, including choses in action belonging to the constituent company, Oak Lane Trust Company, should be transferred to and vested in the taxpayer and that the liabilities of that constituent company should "attach" to the consolidated company, the taxpayer, and become enforceable against it to the same extent as if such liability had been contracted by it.

The consolidation was duly effected upon October 6, 1928, and as a result thereof two certain items set forth in the agreed statement of facts as "Interest receivable accrued $36,260.79", and "Interest payable accrued $10,960.52", were purported to be transferred to the consolidated company, the taxpayer.

For the years prior to 1928 Oak Lane Trust Company had kept its books of account upon a cash receipts and disbursements basis, with the exception of certain items with which we are not immediately concerned. Oak Lane Trust Company had paid its income taxes upon a cash receipts and disbursements basis. This basis of tax liability offered by Oak Lane Trust Company for the years prior to 1928 had always been accepted by the Commissioner of Internal Revenue. For the period, January 1 to October 6, 1928, the date of the consummation of the consolidation, Oak Lane Trust Company for the first time filed a return which included items of accrued interest receivable and accrued interest payable, and in the amounts set forth in the next preceding paragraph. The Col-

lector of Internal Revenue refused to accept the changed basis, permission of the Commissioner of Internal Revenue for the change not having been obtained, and the Oak Lane Trust Company paid its income tax for the period January 1 to October 6, 1928 upon its usual cash receipts and disbursements basis.

Between October 6 and December 31, 1928, the taxpayer, the consolidated corporation, collected the item heretofore shown as accrued interest receivable and expended the sum shown as accrued interest payable, but when the taxpayer filed its income tax return for the year 1928 it treated the difference between these two items, the sum of $25,300.27, as the recovery of a capital item and did not report it as income. The taxpayer showed a net loss upon its income tax return for the year 1928 in the sum of $29,667.67, and when it filed its 1929 return it deducted this alleged loss from its income.

If the taxpayer had treated the sum of $25,300.27 as income, the net loss displayed by it upon its income tax return for the year 1928 would have been reduced to the sum of $4,316.65.[2] In reviewing the return filed by the taxpayer for 1929, the Commissioner disallowed the deduction of loss claimed by it in the sum of $29,667.67, because he deemed the difference between the items of accrued interest receivable and accrued interest payable to be income to the taxpayer. When the petitioner filed a claim for refund of all taxes paid by it in the year 1929, the Commissioner again disallowed the deduction of $29,667.67 claimed as a loss in 1928 by the taxpayer. The amount of the net income reported by the taxpayer for the year 1929 was $183,754.18, upon which it paid a tax of $20,212.96. In passing upon the 1929 return of the taxpayer, the Commissioner allowed it to deduct from net income the sum of $12,696.62, which it had received in 1928, but which was in fact a non-taxable item. The sum of $6,620.15 was thereafter refunded by the Commissioner to the taxpayer.

Now if the figures be recapitulated it will be seen that if the item of $25,300.27 is treated as income, the net loss to the taxpayer for 1928 will be the sum of $4,316.65, instead of $29,667.67. The Commissioner, however, had no need to assess or attempt to collect any additional tax for 1928 since the taxpayer had erroneously included in its computation of gross income the item of $12,696.62 referred to. The United States therefore received more than its due from the taxpayer by way of income taxes for the year 1928. The taxpayer, however, does not seek recovery in the suit at bar for taxes erroneously paid by it for 1928, but for 1929, since it alleges that the Commissioner acted erroneously in refusing to allow it to deduct from its gross income for the year 1929 the $29,667.67 loss which it claims it incurred in the year 1928. The sum just referred to would be decreased to $4,316.65 if the receipt of the item of $25,300.27 constituted income as contended by the appellant, but would remain unchanged if it was in fact the recovery of a capital asset. If the sum of $25,300.27 was a capital asset, a deduction was due the taxpayer upon its return for the year 1929, resulting in a decrease in income tax for that year. The taxpayer's successor sought to recover in the suit at bar the amount of such decrease. The learned District Judge held that the accrued interest of $25,300.27 collected by the taxpayer could not be treated as income but constituted the recovery of a capital asset. He therefore entered a judgment in favor of the taxpayer in the sum of $1,866.82. From this judgment the appeal is taken.

Though the record of the cause is not as clear as it might be, none the less I concur in the decision reached by the majority of the court, that the sum of $25,300.27 did in fact constitute the recovery of a capital asset, and I think that there is sufficient evidence in the record to support the conclusion of the learned trial judge to such effect. In the nineteenth paragraph of the stipulated facts appears the following: "In accordance with and in pursuance of said agreement of merger and consolidation * * *, the Oak Lane Trust Company transferred all of its assets and liabilities on October 6, 1928 to the Bank of Philadelphia and Trust Company, for the consideration of 8,500 shares, each of the par value of $100.00, of the capital stock of the plaintiff taxpayer, which shares were issued directly to the then stockholders of the Oak Lane Trust Company. No gain or loss was recognized in the transaction either by the taxpayer, the parties or the Commissioner." In the twentieth paragraph of the stipulation it is expressly pro-

---

[2] Certain adjustments seem to have been made by way of interest, bringing the net loss to the figure named.

vided that among the "assets and liabilities" so transferred were the items of accrued interest receivable and accrued interest payable.

I think that in view of the foregoing the conclusion must be reached that the Oak Lane Trust Company took what might be described as a bookkeeping balance of its assets and liabilities, which included respectively the items of interest receivable accrued and interest payable accrued, and arrived at a value for its shares of stock which represented the net asset position of the Oak Lane Trust Company, and that that value was the basis for trading its stock share for share with the stock of the consolidated company. In substance, therefore, the Oak Lane Trust Company sold its assets and transferred its liabilities to the consolidated company, at a price which represented the net asset value of the stock of Oak Lane Trust Company in the hands of its stockholders.

Perhaps the situation might be made plainer if it were assumed that the consolidated company purchased the assets of the Oak Lane Trust Company and assumed its liabilities, paying in stock to the Oak Lane Trust Company the price of its assets net. Under such circumstances I think it would be obvious that the asset, in amount $25,300.27, consisting of the difference between the sums of accrued interest receivable and accrued interest payable as of October 6, 1928, the date of the merger, would be capitalized. If then, Oak Lane Trust Company had distributed the stock of the consolidated company to its own stockholders, the situation would be substantially analogous to that at bar. In short the taxpayer did capitalize the net difference between interest receivable accrued and interest payable accrued, viz., $25,300.27. It took the asset over net and paid for it in stock.

The appellant contends that the taxpayer singles out the net item of $25,300.27 and capitalizes that alone out of all the assets of the Oak Lane Trust Company transferred to the taxpayer. An examination of the record convinces me that this contention is not founded in fact and that the taxpayer in fact capitalized all of the assets it received from the Oak Lane Trust Company.

A further contention on the part of the appellant must be dealt with. If I apprehend it correctly, it is as follows: The parties agree that the merger was a tax-free reorganization within the meaning of Section 112(i) (1) of the Revenue Act of 1928, 26 U.S.C.A. § 112(g) (1) note. Subsection (a) (7) of Section 113 of that Act, 26 U.S.C.A. § 113(a) (7) note, provides that when property is acquired by a corporation in connection with a reorganization and an interest or control of 80 per centum or more in such property remains in the same persons who possessed such control prior to the reorganization, then the basis for taxation of such property "shall be the same as it would be in the hands of the transferor * * *". I will not discuss the applicability of the provisions of subsection (a) (7) to the case at bar in so far as the 80 per centum control feature is concerned since I think that question is disposed of by the ruling in Fairbanks Court Wholesale Grocery Co. v. Commissioner, 7 Cir., 84 F.2d 18, certiorari denied, 299 U.S. 582, 57 S.Ct. 47, 81 L.Ed. 428, but will state that the appellant takes the position that since the item of accrued interest payable was income in the hands of Oak Lane Trust Company, the transferor, it came into the hands of the transferee, the taxpayer, upon that basis for the purposes of taxation and therefore was taxable as income to the taxpayer.

If so, the sum of $25,300.27 came into the hands of the taxpayer as income in the period commencing with October 6 and ending with December 31, 1928. It would have been taxable to the taxpayer as part of its income for the year 1928. But treating the sum as income, the taxpayer still would have had a net loss for 1928 of $4,316.65 and therefore would have had no income tax to pay for that year. On the other hand if the taxpayer's net loss for the year 1928 were increased by the sum of $25,300.27 constituting a total of $29,-667.27 and loss in that sum should have been deductible by the taxpayer upon its 1929 return as it claims, it follows that the sum of the judgment rendered in the court below is due to the taxpayer's successor. In my opinion the taxpayer was entitled to make the deduction since the sum of $25,300.27 represented the recovery of a capital asset and not income.

Nor may it be said that because the taxpayer assumed the debts and liabilities of the Oak Lane Trust Company that any taxes from Oak Lane Trust Company upon the sum of $25,300.27 must be paid by the taxpayer. The tax upon the sum stated might have become due from the taxpayer

because of its assumption of the debts and obligations of Oak Lane Trust Company, but collection is barred by limitation of time since no assessment in respect thereto was made either against Oak Lane Trust Company or against the taxpayer. See Section 275(a) of the Revenue Act of 1928, c. 852, 45 Stat. 856, 26 U.S.C.A. § 275(a) note.

The judgment of the court below therefore should be affirmed.

